## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE XL FLEET CORP. SECURITIES LITIGATION

No. 1:21-cv-02002 (LGS)

## DEFENDANTS' ANSWER AND JURY DEMAND

Fraser L. Hunter
Jeremy T. Adler
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
fraser.hunter@wilmerhale.com
jeremy.adler@wilmerhale.com

Susan S. Muck
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235-1002
Fax: (628) 235-1001
susan.muck@wilmerhale.com

*Counsel for Defendants XL Fleet Corp., Thomas J.
Hynes III, Dimitri Kazarinoff, Brian Piern,
Jonathan J. Ledecky, James H.R. Brady, and Kevin
Griffin*

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants XL Fleet Corp. (f/k/a XL Hybrids, Inc.) ("XL Fleet" or the "Company"),[1] Thomas J. Hynes III, Dimitri Kazarinoff, Brian Piern, Jonathan J. Ledecky, James H.R. Brady, and Kevin Griffin (collectively, "Defendants") hereby respond to the Amended Consolidated Class Action Complaint, dated July 20, 2021 (the "Amended Complaint").  In responding to the Amended Complaint, Defendants do not admit that they bear the burden of proving any of the defenses set forth below, or the relevance of any of Plaintiff's allegations.  To the extent not explicitly admitted, Defendants deny all allegations in the Amended Complaint.

Defendants deny each allegation except where specifically admitted, and in every respect deny liability, deny that they engaged in any improper conduct, and deny that Plaintiffs are entitled to relief.

No response is required to Plaintiff's headings and titles in the Amended Complaint, which consist solely of Plaintiff's characterizations of this action.  Defendants deny each and every remaining allegation contained in such headings.

No response is required to the unnumbered paragraph at the beginning of the Amended Complaint that purports to describe the claims asserted in the Amended Complaint, which speaks for itself.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' purported investigation, and deny the remaining allegations in the unnumbered paragraph.  No response is required to the allegations in footnote 1 in the unnumbered paragraph at the beginning of the Amended Complaint, which purports to define a term in the Amended

---

[1] The term "XL Hybrids" is used to refer to XL Hybrids, Inc. prior to December 21, 2020.  The term "XL" is used to refer to XL Hybrids and XL Fleet when discussing time periods that span December 21, 2020.

Complaint. Defendants admit that XL Hybrids, Inc. is a subsidiary of XL Fleet Corp. Defendants deny the remaining allegations in this unnumbered paragraph and the footnote therein.

Defendants respond to the specifically numbered allegations in the Amended Complaint as follows:

1.      Defendants admit that this is an action that purports to assert claims under the federal securities laws on behalf of persons and entities that purchased or otherwise acquired XL Fleet securities between September 18, 2020 and March 31, 2021 (the "purported Class Period"). No response is required to the allegations in Paragraph 1 that merely purport to describe the Amended Complaint, which speaks for itself. No response is required to the allegations in footnote 2 in Paragraph 1, which merely purports to define a term in the Amended Complaint. Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants admit the allegations in Paragraph 2.

3.      Defendants deny that the allegations in Paragraph 3 present a complete and accurate description of SPACs and the rules that govern SPACs.

4.      No response is required to the allegations in Paragraph 4 and the footnotes therein, which purport to summarize and quote statements by SEC officials and Congressional testimony by SEC Chairman Gary Gensler, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      No response is required to the allegations in Paragraph 6 that purport to characterize Pivotal's Registration Statement filed on June 7, 2019, which speaks for itself. To

the extent a response is required, Defendants deny that the characterizations are complete and accurate. Defendants deny the remaining allegations in Paragraph 6.

7. No response is required to the allegations in Paragraph 7 that purport to define a term used in the Amended Complaint. Defendants admit the remaining allegations in Paragraph 7.

8. No response is required to the allegations in Paragraph 8 that purport to characterize the Pivotal Initial Stockholders' public statements, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations in Paragraph 8 are a complete and accurate.

9. Defendants admit that the Initial Stockholders were issued 5,750,000 shares of Class B common stock for an aggregate price of $25,000.00, and the Sponsor purchased 4,233,333 Private Warrants, each exercisable to purchase one share of Class A common stock at $11.50 per share, simultaneously with the IPO for an aggregate price of approximately $6.35 million (or $1.50 per warrant). Defendants also admit that the Pivotal Initial Stockholders agreed to waive their right to participate in a liquidation distribution with respect to their initial shares if Pivotal did not complete a business combination by the deadline. Defendants deny the remaining allegations in Paragraph 9, which purports to describe the interest that the Initial Stockholders held in Pivotal prior to the IPO.

10. Defendants admit the allegations in Paragraph 10.

11. No response is required to the allegations in Paragraph 11 that purport to characterize and quote Pivotal's September 18, 2020, press release, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. No response is required to the allegations in footnote 5 in Paragraph 11,

3

which merely purports to describe the Amended Complaint.  To the extent a response is required, Defendants deny the allegations in footnote 5 in Paragraph 11.  Defendants deny the remaining allegations in Paragraph 11.

12.    No response is required to the allegations in Paragraph 12 that purport to characterize the Merger Agreement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 12.

13.    No response is required to the allegations in Paragraph 13 that purport to quote Pivotal's September 18, 2020, press release, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 13.

14.    No response is required to the allegations in Paragraph 14 that purport to characterize and quote various statements by Pivotal, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate. Defendants deny the remaining allegations in Paragraph 14.

15.    No response is required to the allegations in Paragraph 15 that purport to characterize various statements by Pivotal, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 15.

16.    Defendants admit the allegations in Paragraph 16.

17.    No response is required to the allegations in Paragraph 17 that purport to characterize and quote Pivotal's October 2, 2020 Registration Statement, December 8, 2020 Proxy/Prospectus, and other public statements, which speak for themselves.  To the extent a

response is required, Defendants deny that those characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 17.

18. No response is required to the allegations in Paragraph 18 that purport to characterize and quote XL Fleet's December 22, 2020 press release, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants deny that the allegations in Paragraph 19 present a complete and accurate description of their post-Business Combination conduct.

20. Defendants admit that the Company filed a Registration Statement preliminary Prospectus on Form S-1 with the SEC on January 13, 2021, that the Registration Statement became effective on January 22, 2021, and that XL Fleet filed a related Prospectus on January 22, 2021. No response is required to the allegations in Paragraph 20 and footnote 6 in Paragraph 20 that purport to characterize those filings, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

21. Defendants admit that Muddy Waters published a report on March 3, 2021. No response is required to the allegations in Paragraph 21 that purport to characterize the Muddy Water Report and XL Fleet's March 4, 2021 press release, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations are complete and accurate. No response is required to the allegations in footnote 7 in Paragraph 21, which merely purports to describe the Amended Complaint, which speaks for itself. Defendants deny the remaining allegations in Paragraph 21.

5

22.    Defendants admit that the closing price of XL Fleet's stock was $13.86 on March 3, 2021 and $11.17 per share on March 5, 2021.  Defendants deny the remaining allegations in Paragraph 27.

23.    No response is required to the allegations in Paragraph 23 that purport to characterize XL Fleet's March 8, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  No response is required to footnote 8 in Paragraph 23, which merely purports to describe the Amended Complaint, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 23.

24.    Defendants admit that the closing price of XL Fleet's stock was $10.48 per share on March 8, 2021.  Defendants deny the remaining allegations in Paragraph 24.

25.    No response is required to the allegations in Paragraph 25 that purport to characterize XL Fleet's March 31, 2021 earnings call, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 25.

26.    No response is required to the remaining allegations in Paragraph 26 that purport to characterize XL Fleet's March 31, 2021 earnings call, which speak for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 26.

27.    Defendants admit that the closing price of XL Fleet's stock was $8.98 per share on March 31, 2021 and $7.89 per share on April 1, 2021.  Defendants deny the remaining allegations in Paragraph 27.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of "the market."  No response is required to the allegations in Paragraph 28 and footnote 9 therein, which purport to characterize and quote the April 8, 2021 episode of Mad Money, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 10 in Paragraph 28 regarding the relationship between Carson Block and Muddy Waters.  Defendants deny the remaining allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30.

31.    No response is required to Paragraph 31, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.    No response is required to Paragraph 32, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.    No response is required to Paragraph 33, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.    No response is required to Paragraph 34, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 concerning Lead Plaintiff Rowe's purchase of XL Fleet securities during the Class Period.  Defendants deny the remaining allegations in Paragraph 35.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 concerning Plaintiff Suh's purchase of XL Fleet securities during the Class Period.  Defendants deny the remaining allegations in Paragraph 36.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 concerning Plaintiff Enslin's purchase of XL Fleet securities during the Class Period.  Defendants deny the remaining allegations in Paragraph 37.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 concerning Plaintiff Heridis's purchase of XL Fleet securities during the Class Period.  Defendants deny the remaining allegations in Paragraph 38.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 concerning Plaintiff Matamoros's purchase of XL Fleet securities during the Class Period.  Defendants deny the remaining allegations in Paragraph 39.

40.    Defendants admit the allegations in Paragraph 40.

41.    Defendants admit that Ledecky was the Chairman and CEO of Pivotal since March 2019 and that he remained a director of XL Fleet after the Business Combination. Defendants also admit that Ledecky has served as a director or executive for numerous other companies, that he has been a co-owner of the New York Islanders franchise since 2014, and was prior owner of the Washington Wizards and the Washington Capitals. Defendants also admit that Ledecky received a B.A. (cum laude) from Harvard University in 1979 and a MBA from the Harvard Business School in 1983. Defendants also admit that Ledecky signed certain company

8

filings. No response is required to footnote 11 in Paragraph 41, which merely purports to describe the Amended Complaint, which speaks for itself. Defendants deny the remaining the allegations in Paragraph 41.

42.     Defendants admit that Brady has served as Pivotal's CFO since September 2018. Defendants also admit that Brady has been the CEO of Brady Enterprises since 2014, and that he has served as an officer or executive for numerous other companies. Defendants also admit that Brady previously served as an attorney with the firms of Hogan & Hartson and Hunton & Williams, that he received a BA from the College of William and Mary, a JD from the George Washington National Law Center and an MBA from Darden Graduate School of Business at the University of Virginia. Defendants also admit that Brady signed the Merger Agreement and certain company filings. Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit that Griffin was the CEO of Pivotal Spac Funding II LLC and a director of Pivotal and later XL Fleet after the Business Combination. Defendants also admit that Griffin is the co-founder, CEO and Chief Investment Officer of MGG, has served on numerous boards of directors, was a Managing Director with Highbridge Principal Strategies, was the Head of Private Investing for Octavian Funds, was part of Fortress Investment Group, an investor with American Capital, and that he worked at Houlihan Lokey Howard & Zukin. Defendants also admit that Griffin has received accolades from the M&A Advisor and the Hedge Fund Journal, and that he received a B.S.B.A. in Finance from Georgetown University. Defendants also admit that Griffin signed certain company filings. Defendants deny the remaining allegations in Paragraph 43.

44.     No response is required to the allegations in Paragraph 44, which purports to define a term used in the Amended Complaint.

45.     Defendants admit that Hynes is the founder of XL Hybrids and served as Chief Strategy Officer of XL Hybrids from October 2019 until the Merger, when he became the President and a director of XL Fleet. Defendants also admit that Hynes previously served as CEO of XL Hybrids from July 2009 through October 2019. Defendants also admit that Hynes served on the board of directors of Woodwell Climate Research Center, has also been a Senior Lecturer at M.I.T., and received his B.S. in management science from M.I.T. Defendants also admit that Hynes signed certain company filings. Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants admit that Kazarinoff was the CEO of XL Hybrids and became CEO and director of XL Fleet following the Merger. Defendants also admit that Kazarinoff served as President of AVL Powertrain Engineering, Inc., and the V.P. & GM of Eaton's Hybrid Power Systems Division. Defendants also admit that Kazarinoff holds a B.S. M.E. from the M.I.T. and a Masters of Management degree from the Kellogg Graduate School of Northwestern University. Defendants also admit that Kazarinoff signed the Merger Agreement and certain company filings. Defendants deny the remaining allegations in Paragraph 46.

47.     Defendants admit that Piern was XL's Vice President of Sales and Marketing from January 2019 through May 2021. Defendants also admit that Piern previously served as Senior Vice President of Sales at Element Fleet Management and GE Capital, and that he also previously worked at Schneider National, Lockheed Martin, and Citicorp. Defendants also admit that Piern has a BS in Marketing from Towson University and an MBA with a concentration in Marketing from the University of Phoenix. Defendants deny the remaining allegations in Paragraph 47.

48.    No response is required to the allegations in Paragraph 48, which purports to define a term used in the Amended Complaint.

49.    No response is required to the allegations in the first and fourth sentences of Paragraph 49, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in the first and fourth sentences of Paragraph 49.  Defendants deny that the remainder of Paragraph 49 is complete and accurate, and on that basis deny the remainder of Paragraph 49.

50.    No response is required to the allegations in Paragraph 50, which purports to define a term used in the Amended Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 concerning the statements or experiences of unidentified individual FE1.  No response is required to the allegations in footnote 12 in Paragraph 51, which merely purports to describe the Amended Complaint.  Defendants deny the remaining allegations in Paragraph 51.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 concerning the statements or experiences of unidentified individual FE2.  Defendants deny that the remaining allegations present a complete and accurate description of fleet management companies.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 concerning the statements or experiences of unidentified individual FE3. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

11

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 concerning the statements or experiences of unidentified individual FE4. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55.     Defendants deny that the allegations in Paragraph 55 present a complete and accurate description of blank check companies and SPACs.

56.     Defendants deny that the allegations in Paragraph 56 present a complete and accurate description of SPACs and the rules that govern the creation of SPACs.

57.     Defendants deny that the allegations in Paragraph 57 present a complete and accurate description of SPACs and the rules that govern SPACs.

58.     Defendants deny that the allegations in Paragraph 58 present a complete and accurate description of SPACs and the rules that govern SPACs.

59.     Defendants deny that the allegations in Paragraph 59 present a complete and accurate description of SPACs and the rules that govern SPACs.

60.     Defendants deny that the allegations in Paragraph 60 present a complete and accurate description of SPACs and the incentives that incentives that SPAC founders and management teams may have.

61.     No response is required to the allegations in Paragraph 61 and footnote 13 therein, which purport to characterize and quote a forthcoming article in the Yale Journal of Regulation, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.    Defendants admit the allegations in Paragraph 65.

66.    Defendants admit the allegations in Paragraph 66.

67.    No response is required to the allegations in Paragraph 67, which purports to quote Pivotal's July 11, 2019 Prospectus, which speaks for itself.  To the extent a response is required, Defendants deny that the quotation is complete and accurate.

68.    No response is required to the allegations in Paragraph 68, which purports to quote Pivotal's July 11, 2019 Prospectus, which speaks for itself.  To the extent a response is required, Defendants deny that the quotation is complete and accurate.

69.    No response is required to the allegations in Paragraph 69, which purports to quote Pivotal's July 11, 2019 Prospectus, which speaks for itself.  To the extent a response is required, Defendants deny that the quotation is complete and accurate.

70.    No response is required to the allegations in Paragraph 70 that purport to characterize Pivotal's July 11, 2019 Prospectus and April 25, 2019 Draft Registration Statement, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants admit the allegations in Paragraph 72.

73.    Defendants admit the allegations in Paragraph 73.

74.    Defendants admit that the Sponsor purchased 4,233,333 private warrants from Pivotal at a price of $1.50 per Private Warrant, generating total proceeds of $6,350,000 via a private placement. No response is required to the allegations in Paragraph 74 which purport to

13

characterize Pivotal's December 8 2020 prospectus, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

75.     Defendants admit that Pivotal identified and met with various target businesses between July 16, 2019 and September 17, 2020 to discuss possible business combinations, and that none of those discussions resulted in an executed letter of intent, other than the negotiations with XL Hybrids.  Defendants also admit that the search initially focused companies exploiting disruptive smart phone technology. No response is required to the allegations in Paragraph 75 which purport to quote and characterize Pivotal's December 8, 2020 Proxy/Prospectus, Form S-1 filed June 7, 2019 at 66, IPO Prospectus filed July 15, 2019, and Form 10-K filed Mar. 30, 2020, which speak for themselves.  To the extent a response is required, Pivotal denies the quotations and characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 75 and the footnotes therein.

76.     Defendants admit that the business combination between Pivotal and XL Hybrids began in July 2020 was completed December 22, 2020. Defendants deny that the allegations in Paragraph 76 are a complete and accurate description of the merger process.  Defendants deny the remaining allegations in Paragraph 76.

77.     No response is required to the allegations in Paragraph 77 that merely purport to define the Class Period.  No response is required to the allegations in Paragraph 77 that purport to characterize and quote Pivotal and XL Hybrids' September 18, 2020 press release, which speaks for itself.

78.     No response is required to the allegations in Paragraph 78, which purport to characterize Pivotal and XL Hybrids' September 18, 2020 SEC filings and the September 18,

14

2020 episode of Squawk Box, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

79.    No response is required to the allegations in Paragraph 79 that purport to characterize and quote Pivotal and XL Hybrids' September 18, 2020 press release and investor presentation, and the September 18, 2020 episode of Squawk Box, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations are complete and accurate. Defendants deny the remaining allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants admit that XL Hybrids was founded in 2009 by Tod Hynes and that it is a provider of fleet electrification solutions for Class 2-6 commercial vehicles in North America. Defendants' deny that the allegations in the second and third sentence of Paragraph 81 are a complete and accurate description of Hynes' and Kazarinoff's statements. Defendants deny that the allegations in footnote 16 in Paragraph 81 are a complete and accurate description of Class 2-6 vehicles. Defendants deny the remaining allegations in Paragraph 81.

82.    No response is required to the allegations in Paragraph 82 that purport to characterize various statements by XL Hybrids and Pivotal, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

83.    No response is required to the allegations in Paragraph 83 that purport to characterize and quote Pivotal and XL Hybrid's September 18, 2020 press release, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny that the allegations in footnote 17 in Paragraph 83 are a complete and accurate description of Class 7-8 vehicles.

84.     No response is required to the allegations in Paragraph 84 that purport to characterize and quote Pivotal and XL Hybrid's September 18, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

85.     Defendants deny the allegations in Paragraph 85.

86.     No response is required to the allegations in Paragraph 86 that purport to characterize Pivotal's December 8, 2020 proxy statement and prospectus, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 concerning the statements or beliefs of unidentified individuals FE1 and FE2. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.     No response is required to the allegations in footnote 18 in Paragraph 88, which purports to describe other portions of the Amended Complaint, which speak for themselves.  To the extent a response is required, Defendants deny the allegations in footnote 18 in Paragraph 88. Defendants deny the remaining allegations in Paragraph 88.

89.     No response is required to the allegations in Paragraph 89 that purport to characterize and quote Pivotal's November 12, 2020 Form S-4/A, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny that the remaining allegations in Paragraph 89 are a complete and accurate description of XL's process for generating pipeline figures and revenue projections.

16

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 concerning the statements or beliefs of unidentified individual FE1. Defendants admit that in November 2019, Piern attended a National Association of Pupil Transportation conference, at which he spoke with several original equipment manufacturers ("OEMs") of school buses. Defendants deny that the allegations in Paragraph 91 are a complete and accurate characterization of the conversations with OEMs and the tracking of the associated sales opportunities in Salesforce and otherwise deny the allegations in Paragraph 91.  Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 concerning the statements or beliefs of unidentified individual FE1.  Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 concerning the statements or beliefs of unidentified individual FE1.  Defendants deny that the allegations in Paragraph 93 are a complete and accurate description of the process of generating XL Hybrid's sales pipeline.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 concerning the statements or beliefs of unidentified individual FE1.  Defendants admit that Pepsi purchased products from XL Hybrids, but deny that the allegations in Paragraph 94 are a complete and accurate description of XL Hybrids' business relationship with Pepsi.  Defendants deny the remaining allegations in Paragraph 94.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 concerning the statements and beliefs of unidentified individual FE2.  Defendants deny the remaining allegations in Paragraph 95.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 concerning the statements or beliefs of unidentified individual FE2.  Defendants deny the remaining allegations in Paragraph 96.

97.    Defendants admit that the Company reported a sales pipeline of approximately $220 million between September 18, 2020 and December 8, 2020, which is within in the time period identified in Paragraph 97 and footnote 19 therein.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 concerning the statements or beliefs of unidentified individual FE2.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 97 and footnote 19 therein.

98.    No response is required to the allegations in Paragraph 98 that purport to characterize and quote the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 concerning the statements or beliefs of unidentified individual Employee A. Defendants deny the remaining allegations in Paragraph 98.

99.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 concerning the statements or beliefs of unidentified individual FE3.  No response is required to the allegations in footnote 20 that purport to characterize and quote the Company's March 8, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are

18

complete and accurate, and otherwise deny the allegations in Paragraph 99 and footnote 20 therein.

100.    No response is required to the allegations in Paragraph 100 that purport to quote the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 concerning the statements or beliefs of unidentified individual Employee B and otherwise deny the allegations in Paragraph 100.

101.    No response is required to the allegations in Paragraph 101 that purport to quote The Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 concerning the statements or beliefs of unidentified individual Employee C and otherwise deny the allegations in Paragraph 101.

102.    No response is required to the allegations in Paragraph 102 that purport to characterize and quote the September 18, 2020 episode of Squawk Box, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 concerning the statements or beliefs of unidentified individual FE1.  Defendants deny the remaining allegations in Paragraph 103 are a complete and accurate description of the utilization of lithium ion battery packs for hybrid electric vehicles.

104.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 concerning the statements or beliefs of unidentified individual FE1. Defendants admit that Hynes and Piern attended a sales team meeting in Boston in May 2019,

19

during which Piern discussed XL Hybrids' battery supply.  Defendants deny that the allegations in Paragraph 104 are a complete and accurate characterization of Piern's statements at that meeting and otherwise deny the allegations in Paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 105 concerning the statements or beliefs of unidentified individual FE1. Defendants admit that XL Hybrids contracted with multiple third-party suppliers, including LG, to provide batteries, and that LG supplied that same battery to Chrysler for its Pacifica hybrid electric minivan.  Defendants deny that the allegations in Paragraph 105 are a complete and accurate characterization of XL Hybrids' battery supply and otherwise deny the allegations in Paragraph 105.  Defendants deny the remaining allegations in Paragraph 105.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 concerning the statements or beliefs of unidentified individual FE1.  Defendants deny the remaining allegations in Paragraph 106.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 concerning the statements or beliefs of unidentified individual FE4.  Defendants admit that XL Hybrids contracted with multiple third-party suppliers, including LG, to provide batteries, and that at times, XL Hybrids had difficulty obtaining batteries.  Defendants deny the remaining allegations in Paragraph 107.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 concerning the statements or beliefs of unidentified individual FE2.  Defendants admit that one of XL Hybrids' battery suppliers also supplied batteries to a larger customer, and that at times, XL Hybrids had difficulty obtaining batteries. Defendants deny that the allegations in Paragraph 108 are a complete and accurate

20

characterization of XL Hybrids' battery supply and otherwise deny the allegations in Paragraph 108. Defendants deny the remaining allegations in Paragraph 108.

109. No response is required to the allegations in Paragraph 109 that purport to characterize and quote the Muddy Waters Report, which speaks for itself. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 concerning the statements or beliefs of unidentified individual Employee A. Defendants deny the remaining allegations in Paragraph 109.

110. No response is required to the allegations in Paragraph 110 that purport to characterize and quote the Muddy Waters Report, which speaks for itself. To the extent a response is required, Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 110 concerning the statements or beliefs of unidentified individual Employee B. Defendants deny the remaining allegations in Paragraph 110.

111. No response is required to the allegations in Paragraph 111 that purport to characterize and quote the Muddy Waters Report, which speaks for itself. To the extent a response is required, Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 111 concerning the statements or beliefs of unidentified individual Employee C. Defendants deny the allegations in Paragraph 111.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 concerning the statements or beliefs of unidentified individual FE1. No response is required to the allegations in Paragraph 112 that purport to characterize the Company's public statements between October 2, 2020 and January 22, 2021, which speak for themselves. To the extent a response is required, Defendants deny that the

21

characterization are complete and accurate.  Defendants deny the remaining allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants admit that risk warning and other disclosures concerning battery supply were included in the Company's SEC filings during the Class Period. Defendants deny that the allegations in Paragraph 114 accurately and completely characterize those risk warnings and disclosures.  Defendants deny the remaining allegations in Paragraph 114.

115.    No response is required to the allegations in Paragraph 115 that purport to characterize and quote XL Fleet's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 115.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 concerning the statements or beliefs of unidentified individual FE1.  Defendants admit that Pepsi and Safelite each purchased products from XL Hybrids, but Defendants deny that the allegations in Paragraph 116 are a complete and accurate characterization of XL Hybrids' business relationships with Pepsi and Safelite and otherwise deny the allegations in Paragraph 116.  Defendants deny the remaining allegations in Paragraph 116.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 concerning the statements or beliefs of unidentified individual FE2.  Defendants deny that the allegations in Paragraph 117 are a complete and

accurate characterization of XL Hybrids' business relationships with Comcast, Verizon, AT&T, UPS and FedEx, and otherwise deny the remaining allegations in Paragraph 117.

118.    No response is required to the allegations in Paragraph 118 that purport to characterize the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

119.    No response is required to the allegations in Paragraph 119 that purport to characterize and quote the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

120.    No response is required to the allegations in Paragraph 120 that purport to characterize and quote the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

121.    No response is required to the allegations in Paragraph 121 that purport to characterize and quote the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 concerning the statements or beliefs of unidentified individual FE2.  Defendants deny the remaining allegations in Paragraph 123.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 concerning the statements, experiences, and beliefs of unidentified individual FE4.  Defendants deny the remaining allegations in Paragraph 124.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 concerning the statements and beliefs of unidentified individual FE1.  Defendants deny the remaining allegations in Paragraph 125.

126.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 concerning the beliefs or statements of unidentified individual FE2.  Defendants deny the remaining allegations in Paragraph 126.

127.    No response is required to the allegations in Paragraph 127 that purport to characterize the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

128.    No response is required to the allegations in Paragraph 128 that purport to characterize and quote the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 concerning the employment statements or beliefs of unidentified individual Employee B and otherwise deny the allegations in Paragraph 128.

129.    No response is required to the allegations in Paragraph 129 that purport to characterize the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 129.

130. No response is required to the allegations in Paragraph 130 that purport to characterize and quote the Muddy Waters Report, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

131. No response is required to the allegations in Paragraph 131 that purport to characterize the Muddy Waters Report, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

132. Defendants deny the allegations in Paragraph 132.

133. No response is required to the allegations in Paragraph 133 that purport to characterize and quote Pivotal's November 12, 2020 Form S-4/A, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 concerning the statements or beliefs of unidentified individual FE2. Defendants deny the remaining allegations in Paragraph 135.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 concerning the statements or beliefs of unidentified individual FE2. Defendants deny the remaining allegations in Paragraph 136.

137. Defendants admit that the sales team's goal for 2021 was $75 million. Defendants deny the remaining allegations in Paragraph 137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137

concerning the statements or beliefs of unidentified individual FE2. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138. Defendants admit that XL Hybrids disclosed a projection of $75 million in 2021 revenue prior to the Business Combination.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 concerning the statements or beliefs of unidentified individual FE2. Defendants deny the remaining allegations in Paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 concerning the statements or beliefs of unidentified individual FE1. Defendants deny that the allegations in Paragraph 140 are a complete and accurate characterization of XL Hybrids' sales achievements during this time period and otherwise deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. No response is required to the allegations in Paragraph 142 that purport to characterize the Company's public statements and filings, which speak for themselves. To the extent a response is required, Defendants deny the characterizations are complete and accurate. Defendants deny the remaining allegations in Paragraph 142.

143. No response is required to the allegations in Paragraph 143 that purport to characterize XL Hybrids' press releases between September 18, 2020 and December 21, 2020, which speak for themselves. To the extent a response is required, Defendants deny the characterizations are complete and accurate.

144. No response is required to the allegations in Paragraph 144 that purport to characterize and quote XL Hybrids' September 30, 2020 and October 26, 2020 press releases,

26

which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny that XL Hybrids issued a press release titled "XL Fleet Generated Record Third Quarter 2020 Revenue" on November 1, 2020, but admit that XL Hybrids issued a press release with that title on November 12, 2020.  To the extent that Paragraph 144 purports to characterize and quote from the November 12, 2020 press release, Defendants deny that those characterizations and quotations are complete and accurate.

145.    No response is required to the allegations in Paragraph 145 that purport to characterize and quote XL Hybrids' November 16, 2020, November 23, 2020, December 1, 2020, December 11, 2020, and December 16, 2020 press releases, which speak for themselves. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

146.    No response is required to the allegations in Paragraph 146 that purport to characterize the Defendants' interviews with the media, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 146.

147.    Defendants admit that on October 26, 2020, Defendants Hynes and Kazarinoff, as well as Pivotal representative Greg Racz, participated in a webinar hosted by SPACInsider. No response is required to the allegations in Paragraph 147 that purport to characterize and quote a October 26, 2020 SPACInsider webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

148.    No response is required to the allegations in Paragraph 148 that purport to characterize and quote a November 12, 2020 interview on Bloomberg TV a November 16, 2020

27

webinar hosted by IPO Edge, and a November 23, 2020 interview with TD Ameritrade, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

149.    Defendants admit that they were preparing SEC filings, investor disclosures, and other legal documents for the proposed Merger in October, November, and December 2021. Defendants deny the remaining allegations in Paragraph 149.

150.    Defendants admit that Pivotal filed a Registration Statement on Form S-4 with the SEC on October 2, 2020.  No response is required to the allegations in Paragraph 150 that purport to characterize and quote the October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 150.

151.    No response is required to the allegations in Paragraph 151 that purport to quote the October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny the quotations are complete and accurate.

152.    No response is required to the allegations in Paragraph 152, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153.    No response is required to the allegations in Paragraph 153 that purport to characterize and quote statements made in the October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 153.

154.    No response is required to the allegations in Paragraph 154 that purport to characterize and quote statements made in the October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. No response is required to the allegations in Paragraph 154 that purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 154.

155.    No response is required to the allegations in Paragraph 155 that purport to characterize and quote the October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

156.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the statements and beliefs of unidentified former employees.  No response is required to the allegations in Paragraph 156 that purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 156. Defendants deny the remaining allegations in Paragraph 156.  Defendants deny the allegations in footnote 21 in Paragraph 156 are a complete and accurate description of the timeline of the impact of the COVID-19 pandemic.

157.    Defendants admit that Pivotal amended its October 2, 2020 Registration Statement on November 12, 2020, December 1, 2020, and December 4, 2020.  No response is required to the remaining allegations in Paragraph 157, which purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 157.

158.    No response is required to the allegations in Paragraph 158 that purport to characterize and quote Pivotal's November 12, 2020 Form S-4/A, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

159.    No response is required to the allegations in Paragraph 159 that purport to characterize and quote the November 12, 2020 Form S-4/A, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

160.    No response is required to the allegations in Paragraph 160, which purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 160. No response is required to the allegations in Paragraph 160 that purport to characterize and quote the November 12, 2020 Form S-4/A, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

161.    Defendants admit the allegations in the first two sentences of Paragraph 161. No response is required to the remaining allegations in Paragraph 161, which purport to characterize and quote the December 8, 2020 Form S-4 and definitive proxy statement, which speak for themselves.  To the extent a response is required,  Defendants deny the remaining allegations in Paragraph 161.

162.    No response is required to the allegations in Paragraph 162 that purport to characterize Pivotal's December 8, 2020 proxy statement, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

163.    No response is required to the allegations in Paragraph 163 that purport to characterize and quote Pivotal's December 8, 2020 proxy statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

164.    No response is required to the allegations in Paragraph 164 that purport to characterize and quote Pivotal's December 8, 2020 proxy statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

165.    No response is required to the allegations in Paragraph 165 that purport to characterize and quote Pivotal's December 8, 2020 proxy statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

166.    No response is required to the allegations in Paragraph 166 that purport to characterize and quote Pivotal's December 8, 2020 proxy statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

167.    Defendants admit the allegations in Paragraph 167.

168.    Defendants admit the allegations in Paragraph 168.

169.    Defendants admit the allegations in Paragraph 169.

170.    Defendants admit that on September 17, 2020, Pivotal entered into subscription agreements ("Subscription Agreements") with certain investors (the "PIPE Investors"), pursuant to which such PIPE Investors purchased on the Closing Date an aggregate of 15,000,000 shares

of Common Stock in a private placement ("PIPE") at a price of $10.00 per share for gross proceeds to the Company of $150,000,000.")

171.    Defendants admit the allegations in Paragraph 171.

172.    Defendants admit that following the completion of the merger, Defendant Ledecky beneficially owned 7.3% of its common stock, Defendant Griffin beneficially owned 7.7%, Defendant Hynes beneficially owned 5.6%, and Defendant Kazarinoff beneficially owned 1.0%. Defendants deny that the allegations in Paragraph 172 are a complete and accurate reflection of XL Fleet shareholder ownership and otherwise deny the allegations in Paragraph 172.

173.    No response is required to the allegations in Paragraph 173 that purport to characterize XL Fleet's December 22, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

174.    Defendants deny the allegations in Paragraph 174.

175.    No response is required to the allegations in Paragraph 175 that purport to characterize and quote XL Fleet's press releases, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

176.    Defendants admit that XL Fleet issued press releases on February 4, 2021, and February 25, 2021.  No response is required to the allegations in Paragraph 176 which purport to characterize and quote those press releases, which speak for themselves.  To the extent a response is required, Defendants deny those characterizations and quotations are complete and accurate.

177.    No response is required to the allegations in Paragraph 177 that purport to characterize and quote a December 23, 2020 Squawk on the Street episode, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

178.    Defendants admit that XL Fleet announced that members of its executive leadership team would participate in investor conferences in January and February 2021. Defendants deny that the allegations in Paragraph 178 are a complete and accurate characterization of XL Fleet's public statements and otherwise deny the allegations in Paragraph 178.

179.    No response is required to the allegations in Paragraph 179 that purport to characterize a March 2, 2021 episode of Mad Money, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

180.    Defendants admit that they and their advisors prepared SEC filings, investor disclosures, and other legal documentation necessitated by the Business Combination and private placement following the Business Combination and private placement.  Defendants deny that the allegations in Paragraph 180 are a complete and accurate characterization of Defendants' public statements, appearances, and filings following the Business Combination and otherwise deny the allegations in Paragraph 180.

181.    Defendants admit that XL Fleet filed a Form S-1 and a preliminary prospectus on January 14, 2021. No response is required to the allegations in Paragraph 181 that purport to characterize XL Fleet's January 14, 2021 Form S-1 and preliminary prospectus, which speak for themselves.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

182.    No response is required to the allegations in Paragraph 182 that purport to state legal conclusions.  To an extent a response is required, Defendants deny those allegations.  No response is required to the allegations in Paragraph 182 that purport to characterize and quote XL Fleet's January 14, 2021 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 182.

183.    Defendants admit that XL Fleet filed a prospectus on January 22, 2021, and that the prospectus was declared effective by the SEC that day.  No response is required to the allegations in Paragraph 183 that purport to state legal conclusions.  To the extent a response is required, Defendants deny those allegations.

184.    Defendants admit that on February 26, 2020, XL Fleet's board of directors voted to approve salary and target bonus increases for Defendants Kazarinoff and Hynes.  To the extent the allegations in Paragraph 184 purport to characterize those salary increases, Defendants deny the characterizations are complete and accurate.

185.    No response is required to the allegations in Paragraph 185 that purport to characterize the Muddy Waters Report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  No response is required to the allegations in Paragraph 185 that purport to state legal conclusions.  To the extent a response is required, Defendants deny those allegations.

186.    No response is required to the allegations in Paragraph 186 that purport to characterize and quote the Muddy Waters report, which speaks for itself.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186 concerning the employment statements or

34

beliefs of unidentified individual Employee A and otherwise deny the allegations in Paragraph 186.

187.    No response is required to the allegations in Paragraph 187 that purport to characterize and quote the Muddy Waters report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

188.    No response is required to the allegations in Paragraph 188 that purport to characterize and quote the Muddy Waters report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

189.    No response is required to the allegations in Paragraph 189 that purport to characterize and quote the Muddy Waters report, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

190.    No response is required to the allegations in Paragraph 190 that purport to quote the Muddy Waters report, which speaks for itself.  To the extent a response is required, Defendants deny that the quote is complete and accurate, and Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 concerning the statements or beliefs of unidentified former employees and otherwise deny the allegations in Paragraph 190.

191.    Defendants admit that the closing price of XL Fleet's stock was $13.86 per share on March 3, 2021.  Defendants deny the remaining allegations in Paragraph 191.

35

192.    No response is required to the allegations in Paragraph 192 that purport to characterize and quote XL Fleet's March 4, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 192.

193.    Defendants admit that the closing price of XL Fleet's stock was $12.00 per share on March 4, 2021, and $11.17 per share on March 5, 2021.  Defendants deny the remaining allegations in Paragraph 193.

194.    No response is required to the allegations in Paragraph 194 that purport to characterize XL Fleets' March 8, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 194.

195.    No response is required to the allegations in Paragraph 195 that purport to characterize and quote XL Fleet's March 8, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 195.

196.    Defendants admit that the closing price of XL Fleet's stock was $10.48 per share on March 8, 2021. No response is required to the allegations in Paragraph 196 that purport to characterize XL Fleet's March 8, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 196.

197.    No response is required to the allegations in Paragraph 197 that purport to characterize the March 10, 2021 Muddy Waters follow-up report, which speaks for itself.  To the

36

extent a response is required, Defendants deny the characterizations are complete and accurate, and otherwise deny the allegations in Paragraph 197 and footnote 22 in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

199.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 concerning the beliefs of unidentified, supposedly independent market observers. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.    No response is required to the allegations in Paragraph 200 that purport to characterize and quote a March 3, 2021 Reuters article, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

201.    No response is required to the allegations in Paragraph 201 that purport to characterize and quote a March 4, 2021 Business Insider article, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 concerning the relationship between Carson Block and Muddy Waters. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 201.

202.    No response is required to the allegations in Paragraph 202 that purport to characterize and quote XL Fleet's 2020 Form 10-K, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 202.

203.    Defendants admit the allegations in Paragraph 203.

37

204.    No response is required to the allegations in Paragraph 204 that purport to characterize and quote XL Fleet's 2020 Form 10-K, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 204.

205.    No response is required to the allegations in Paragraph 205 that purport to characterize and quote XL Fleet's March 31, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 205.

206.    No response is required to the allegations in Paragraph 206 that purport to characterize and quote XL Fleet's March 31, 2021 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 206.

207.    No response is required to the allegations in Paragraph 207 that purport to characterize and quote XL Fleet's March 31, 2021 earnings call, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 207.

208.    No response is required to the allegations in Paragraph 208 that purport to characterize and quote Canaccord Genuity's April 1, 2021 report on XL Fleet, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants admit that the closing price of XL Fleet's stock was $7.89 on April 1, 2021.  Defendants deny the remaining allegations in Paragraph 210.

38

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 concerning the beliefs of unidentified, supposedly independent market observers.  No response is required to the allegations in Paragraph 211 that purport to characterize and quote the April 8, 2021 episode of Mad Money, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 211.

212.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 concerning the beliefs of unidentified, supposedly independent market observers.  No response is required to the allegations in Paragraph 212 that purport to characterize and quote the April 27, 2021 episode of Mad Money, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 212.

213.    Defendants admit that Pivotal and XL Hybrids jointly issued a press release on September 19, 2020, announcing that they had entered into a merger agreement.  Defendants admit that the Company's September 18, 2020 conference call was attached as Exhibit 99.3 to a Form 8-K signed by Ledecky and was filed with the SEC on September 18, 2020.  No response is required to the allegations in Paragraph 213 which purport to define a term used in the Amended Complaint.

214.    No response is required to the allegations in Paragraph 214 that purport to characterize and quote the Company's September 18, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

215.    No response is required to the allegations in Paragraph 215, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216.    No response is required to the allegations in Paragraph 216, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 216.

217.    No response is required to the allegations in Paragraph 217 that purport to characterize and quote the Company's September 18, 2020 conference call, which speaks for itself.  To the extent a response is required, Defendants admit that a transcript of the Company's September 18, 2020 conference call was attached as Exhibit 99.3 to a Form 8-K signed by Ledecky and was filed with the SEC by Pivotal on September 18, 2020, and otherwise deny that the characterizations and quotations are complete and accurate.

218.    No response is required to the allegations in Paragraph 218 that purport to characterize and quote the Company's September 18, 2020 conference call, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 218.

219.    No response is required to the allegations in Paragraph 219 that purport to characterize and quote the Company's September 18, 2020 conference call, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 219.

220.    No response is required to the allegations in Paragraph 220, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.    No response is required to the allegations in Paragraph 221, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 221.

222.    Defendants admit that the Company's September 18, 2020 investor presentation was attached as Exhibit 99.2 to a Form 8-K signed by Ledecky and filed with the SEC on September 18, 2020.  Defendants admit the allegations in footnote 23 in Paragraph 222 that the September 18, 2020 investor presentation was discussed and finalized by representatives of Pivotal and XL Hybrids.  No response is required to the allegations in Paragraph 222 that purport to characterize and quote the Company's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

223.    No response is required to the allegations in Paragraph 223 that purport to characterize and quote the Company's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

224.    No response is required to the allegations in Paragraph 224 that purport to characterize and quote the Company's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

41

225.    No response is required to the allegations in Paragraph 225 that purport to characterize and quote the Company's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

226.    No response is required to the allegations in Paragraph 226 that purport to characterize and quote the Company's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

227.    No response is required to the allegations in Paragraph 227 that purport to characterize and quote the Company's September 18, 2020 investor presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

228.    No response is required to the allegations in Paragraph 228, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 228.

229.    Defendants admit that a transcript of the September 18, 2020 Squawk Box interview was filed as Exhibit 99.1 to a Form 8-K signed by Ledecky and filed by Pivotal with the SEC on September 21, 2020.  No response is required to the allegations in Paragraph 229 that purport to characterize and quote the September 18, 2020 episode of Squawk Box, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

230.    No response is required to the allegation in Paragraph 230, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 230.

231.    Defendants admit that on September 21, 2020, the Company filed with the SEC an updated investor presentation as attachment 99.2 to a Form 8-K signed by Ledecky.  No response is required to the remaining allegations in Paragraph 231, consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 231.

232.    No response is required to the allegations in Paragraph 232 that purport to characterize the September 32, 2020 Updated Investor Presentation, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate.

233.    No response is required to the allegations in Paragraph 233, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 233.

234.    Defendants admit the allegations in Paragraph 234.

235.    No response is required to the allegations in Paragraph 235 that purport to characterize and quote the Pivotal's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

236.    No response is required to the allegations in Paragraph 236 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for

itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

237.    No response is required to the allegations in Paragraph 237, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 237.

238.    No response is required to the allegations in Paragraph 238, which consists solely of legal conclusions.  Defendants deny the allegations in Paragraph 238.

239.    No response is required to the allegations in Paragraph 239 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

240.    No response is required to the allegations in Paragraph 240, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 240.

241.    No response is required to the allegations in Paragraph 241, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 241.

242.    No response is required to the allegations in Paragraph 242 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

243.    No response is required to the allegations in Paragraph 243, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 243.

244.    No response is required to the allegations in Paragraph 244, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 244.

245.    No response is required to the allegations in Paragraph 245 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

246.    No response is required to the allegations in Paragraph 246, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 246.

247.    No response is required to the allegations in Paragraph 247 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

248.    No response is required to the allegations in Paragraph 248 that purport to characterize and quote the Company's registration statement dated October 2, 2020, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 248.

249.    No response is required to the allegations in Paragraph 249, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 249.

250.    No response is required to the allegations in Paragraph 250 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

251.    No response is required to the allegations in Paragraph 251, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 251.

252.    No response is required to the allegations in Paragraph 252 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

253.    No response is required to the allegations in Paragraph 253 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

254.    No response is required to the allegations in Paragraph 254, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 254.

255.    No response is required to the allegations in Paragraph 255 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for

46

itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

256.    No response is required to the allegations in Paragraph 256 that purport to characterize and quote the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

257.    No response is required to the allegations in Paragraph 257, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 257.

258.    Defendants admit that the Company's October 26, 2020 press release was attached as Exhibit 99.1 to a Form 8-K signed by Ledecky and filed with the SEC on October 26, 2020. No response is required to the allegations in Paragraph 258 that purport to characterize and quote the Company's October 26, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

259.    No response is required to the allegations in Paragraph 259, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 259.

260.    Defendants admit the allegations in Paragraph 260.

261.    No response is required to the allegations in Paragraph 261 that purport to quote the October 26, 2020 SPACInsider webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.

262.    No response is required to the allegations in Paragraph 262, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 262.

263.    No response is required to the allegations in Paragraph 263 that purport to quote the October 26, 2020 SPACInsider webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.

264.    No response is required to the allegations in Paragraph 264, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 264.

265.    No response is required to the allegations in Paragraph 265 that purport to quote the October 26, 2020 SPACInsider webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.

266.    No response is required to the allegations in Paragraph 266 that purport to characterize and quote the October 26, 2020 SPACInsider webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

267.    No response is required to the allegations in Paragraph 267, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 267.

268.    Defendants admit that XL Fleet issued a press release on November 12, 2020, which was also filed by Pivotal on the same date pursuant to Rule 425 under the Securities Act of 1933.  No response is required to the allegations in Paragraph 268 that purport to quote the

Company's November 12, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.

269.    No response is required to the allegations in Paragraph 269, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 269.

270.    Defendants admit that on November 12, 2020, Pivotal filed an amendment to the October 2, 2020 Registration Statement on Form S-4/A with the SEC, and that the Registration Statement was signed by Ledecky and Brady, and signed by Ledecky as attorney-in-fact for each member of the Pivotal board of directors.  No response is required to the allegations in Paragraph 270 that purport to characterize the Company's November 12, 2020 Form S-4/A, which speaks for itself.  No response is required to the remaining allegations in Paragraph 270, which purport to state legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 270.

271.    No response is required to the allegations in Paragraph 271 that purport to characterize and quote the Company's November 12, 2020 Form S-4/A, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

272.    No response is required to the allegations in Paragraph 272, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 272.

273.    No response is required to the allegations in Paragraph 273, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 273.

49

274.    No response is required to the allegations in Paragraph 274 that purport to characterize and quote the Company's November 12, 2020 Form S-4/A, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

275.    No response is required to the allegations in Paragraph 275, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 275.

276.    No response is required to the allegations in Paragraph 276, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 276.

277.    No response is required to the allegations in Paragraph 277 that purport to characterize and quote the Company's November 12, 2020 Form S-4/A, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

278.    No response is required to the allegations in Paragraph 278 that purport to characterize and quote the Company's November 12, 2020 Form S-4/A, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

279.    No response is required to the allegations in Paragraph 279, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 279.

280.    No response is required to the allegations in Paragraph 280, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 280.

281.    No response is required to the allegations in Paragraph 281 that purport to characterize and quote the Company's November 12, 2020 For S-4/A, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

282.    No response is required to the allegations in Paragraph 282, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 282.

283.    Defendants admit that on November 16, 2020, XL Fleet issued a press release which was attached as Exhibit 99.1 to a Form 8-K signed by Ledecky and filed with the SEC.  No response is required to the allegations in Paragraph 283 that purport to characterize and quote the Company's November 16, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

284.    No response is required to the allegations in Paragraph 284, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 284.

285.    Defendants admit that on November 16, 2020, Hynes participated in a webinar hosted by IPO Edge, the transcript of which was attached as Exhibit 99.1 to a Form 8-K, which was signed by Ledecky and filed with the SEC on November 19, 2020.  No response is required to the allegations in Paragraph 285 that purport to characterize and quote the November 16, 2020

51

IPO Edge webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

286.    No response is required to the allegations in Paragraph 286, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 286.

287.    Defendants admit that on November 23, 2020, Hynes participated in an interview with TD Ameritrade, the transcript of which was attached as Exhibit 99.1 to a Form 8-K, which was signed by Ledecky and filed with the SEC on November 27, 2020.  No response is required to the allegations in Paragraph 287 that purport to characterize and quote the November 23, 2020 TD Ameritrade interview, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

288.    No response is required to the allegations in Paragraph 288, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 288.

289.    Defendants admit the allegations in Paragraph 289.

290.    Defendants admit the allegations in Paragraph 290.

291.    No response is required to the allegations in Paragraph 291 which purport to characterize the December 1, 2020 Form S-4/A and December 8, 2020 proxy, which speak for themselves.  No response is required to the remaining allegations in Paragraph 291 that purport to state legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 291.

292.    Defendants admit that on December 11, 2020, XL Fleet issues a press release, which was attached by Pivotal as Exhibit 99.1 to a Form 8-K signed by Ledecky and filed with

52

the SEC. No response is required to the allegations in Paragraph 292 that purport to characterize and quote the Company's December 11, 2020 press release, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

293. No response is required to the allegations in Paragraph 293, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 293.

294. Defendants admit that the Company issued a press release titled, "XL Fleet, a Leader in Commercial Vehicle Electrification, and Pivotal Investment Corporation II Announce Closing of Merger; XL Fleet to Trade on NYSE as 'XL'" on December 22, 2020. No response is required to the allegations in Paragraph 294 that purport to characterize and quote the Company's December 22, 2020 press release, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

295. No response is required to the allegations in Paragraph 295, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 295.

296. Defendants admit that Hynes was interviewed on CNBC on December 23, 2020. No response is required to the allegations in Paragraph 296 that purport to characterize and quote the December 23, 2020 CNBC interview, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 296.

297.    No response is required to the allegations in Paragraph 297, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298.    Defendants admit the allegations in Paragraph 298.

299.    Defendants admit the allegations in footnote 24 in Paragraph 299.  No response is required to the allegations in Paragraph 299 which purport to characterize the January 13, 2020 Form S-1 and the January 22, 2021 prospectus, which speak for themselves. No response is required to the remaining allegations in Paragraph 299 which purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 299.

300.    No response is required to the allegations in Paragraph 300 that purport to characterize and quote the January 13, 2021 Form S-1 and January 22, 2021 prospectus, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

301.    No response is required to the allegations in Paragraph 301, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 301.

302.    No response is required to the allegations in Paragraph 302, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 302.

303.    No response is required to the allegations in Paragraph 303 that purport to characterize and quote the Company's March 8, 2021 press release, which speaks for itself.  To

the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

304. No response is required to the allegations in Paragraph 304, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 304.

305. No response is required to the allegations in Paragraph 305, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 305.

306. No response is required to the allegations in Paragraph 306, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 306.

307. Defendants admit that as of September 24, 2020, XL had 60 full time employees. Defendants deny the remaining allegations in Paragraph 307.

308. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 concerning the statements or beliefs of unidentified individual FE2. Defendants admit that during meetings between Piern and Kazarinoff, the sales pipeline was sometimes discussed. No response is required to the remaining allegations in Paragraph 308 which consist solely of legal conclusions. Defendants deny the remaining allegations in Paragraph 308.

309. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 concerning the statements or beliefs of unidentified individual FE1. Defendants admit that Piern held meetings with XL Hybrids' sales team, and that the sales pipeline and summaries of what was presented to the board of directors were

55

sometimes topics of discussion at those meetings.  Defendants deny that the allegations in Paragraph 309 are a complete and accurate description of the weekly sales meetings.  Defendants deny the remaining allegations in Paragraph 309.

310.    Defendants deny the allegations in Paragraph 310.

311.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 concerning the statements or beliefs of unidentified individual FE1.  No response is required to the allegations in Paragraph 311 that purport to characterize the Company's October 2, 2020 Registration Statement, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.  Defendants admit that Hynes and Piern attended a sales team meeting in Boston in May 2019, during which Piern discussed XL Hybrids' battery supply.  Defendants deny that the allegations in Paragraph 311 are a complete and accurate characterization of that meeting and otherwise deny the allegations in Paragraph 311.  Defendants deny the remaining allegations in Paragraph 311.

312.    Defendants admit that Defendants Ledecky, Griffin, and Brady were involved in Pivotal's merger with XL Hybrids, were involved in conducting Pivotal's due diligence for that merger, and had access to some information regarding XL Hybrids' business.  Defendants deny the remaining allegations in Paragraph 312.

313.    No response is required to the allegations in Paragraph 313 that purport to characterize and quote Pivotal's December 8, 2020 prospectus, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

314.    Defendants admit the allegations in Paragraph 314.

315.    Defendants admit that Pivotal pursued further diligence following the December 8, 2020 Proxy/Prospectus. No response is required to the remaining allegations in Paragraph 315 that purport to characterize and quote Pivotal's December 8, 2020 prospectus, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations and quotations are complete and accurate.

316.    Defendants admit that on August 6, 2020, Pivotal submitted a list of preliminary business diligence requests to XL Hybrids.  No response is required to the remaining allegations in Paragraph 316 that purport to characterize and quote Pivotal's December 8, 2020 prospectus, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

317.    Defendants admit that Ledecky and Griffin participated in video conference meetings on July 27-28, 2020 between Pivotal and XL Hybrids, and their respective legal and financial advisors, at which XL Hybrids' business was discussed.

318.    Defendants admit that on September 16, 2020, Ledecky gave a presentation concerning the proposed merger of Pivotal and XL Hybrids to an audience including Pivotal's board of directors, Brady, and Griffin.  Defendants deny that the characterizations of that presentation in Paragraph 318 are complete and accurate.

319.    Defendants admit that the Merger closing conditions included the accuracy of the representations and warranties of XL Hybrids (subject to certain bring-down standards), and that following the signing of the Merger Agreement, Pivotal and XL Hybrids conducted regular discussions in connection with, and to facilitate, the closing.  Defendants deny the remaining allegations in Paragraph 319.

57

320.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 320 concerning the statements or experiences of unidentified individual FE3. To the extent a response is required, Defendants deny the allegations in Paragraph 320.

321.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 321 concerning the statements or the experiences of unidentified individual FE3. To the extent a response is required, Defendants deny the allegations in Paragraph 321.

322.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 322 concerning the statements or experiences of unidentified individual FE3. To the extent a response is required, Defendants deny the allegations in Paragraph 322.

323.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 323 concerning the statements or experiences of unidentified individual FE3. To the extent a response is required, Defendants deny the allegations in Paragraph 323.

324.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 324 concerning the statements or beliefs of unidentified individual FE3.  No response is required to the allegations in Paragraph 325 which purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 324.

325.    No response is required to the allegations in Paragraph 325, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 325.

326.    No response is required to the allegations in Paragraph 326 that purport to characterize and quote Pivotal and XL Hybrids' September 18, 2020 investor conference call, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

327.    No response is required to the allegations in paragraph 327, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 327. No response is required to the allegations in Paragraph 327 that purport to characterize and quote Pivotal and XL Hybrids' September 18, 2020 investor conference call, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

328.    Defendants admit that on October 26, 2020, representatives of Pivotal and XL Hybrids participated in a webinar hosted by SPACInsider. No response is required to the allegations in Paragraph 328 that purport to characterize and quote the October 26, 2020 SPACInsider webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

329.    No response is required to the allegations in Paragraph 329, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 329. No response is required to the allegations in Paragraph 330 that purport to characterize and quote the October 26, 2020 SPACInsider webinar, which speaks for itself.  To

59

the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.

330.    Defendants admit that on November 16, 2020, Hynes participated in a webinar hosted by IPO Edge, which Pivotal filed with the SEC. No response is required to the allegations in Paragraph 330 that purport to characterize and quote the November 16, 2020 IPO Edge webinar, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations and quotations are complete and accurate.

331.    No response is required to the allegations in Paragraph 331 that purport to characterize and quote the November 16, 2020 IPO Edge webinar, which speaks for itself.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. No response is required to the allegations in paragraph 331, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 331.

332.    No response is required to the allegations in Paragraph 332 that purport to quote XL Hybrids' November 23, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny the quotations are complete and accurate.

333.    No response is required to the allegations in Paragraph 333 that purport to quote XL Hybrids' December 11, 2020 press release, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.

334.    No response is required to the allegations in Paragraph 334, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 334.

335.    No response is required to the allegations in Paragraph 335, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 335.

336.    No response is required to the allegations in paragraph 336 which consist of legal conclusions.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 336. Defendants deny the allegations in Paragraph 336.

337.    No response is required to the allegations in Paragraph 337, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 337.

338.    Defendants admit that Pivotal Investment is a Delaware limited liability company. Defendants deny that the characterization of Pivotal's management and control in in Paragraph 338 is complete and accurate.

339.    Defendants admit the allegations in Paragraph 339.

340.    Defendants admit that leading up to the merger, the Sponsor owned 5.5 million shares of Pivotal Class B common stock, each of which would convert into one share of Pivotal's Class A common stock upon the closing of the Business Combination.  No response is required to the second sentence of Paragraph 340, which purports to characterize an unidentified Pivotal report.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

341.    Defendants admit that leading up to the Business Combination, the Sponsor also owned 4,233,333 warrants of Pivotal, exercisable for stock after the closing of the Business Combination. No response is required to the second sentence of Paragraph 341, which purports

to characterize an unidentified Pivotal report.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

342.    Defendants admit that the closing price per share of Pivotal was $16.00 on December 7, 2020 and the closing price per warrant was $4.12 on December 7, 2020.  No response is required to the allegations in Paragraph 342 which purport to characterize Pivotal's December 8, 2020 Proxy/Prospectus, which speaks for itself.  To the extent a response is required, Defendants denies deny the characterizations are complete and accurate. Defendants deny the remaining allegations in Paragraph 342.

343.    Defendants deny the allegations in Paragraph 343.

344.    Defendants admit that leading up to the Business Combination Defendant Brady owned 100,000 shares of Pivotal Class B common stock. Defendants admit that the closing price per share of Pivotal was $16.00 on December 7, 2020. Defendants deny the remaining allegations in Paragraph 344.

345.    Defendants deny the allegations in Paragraph 345.

346.    Defendants admit that Pivotal identified and met with various target businesses between July 16, 2019 and September 17, 2020 to discuss possible business combinations, and that none of those discussions resulted in an executed letter of intent, other than the negotiations with XL Hybrids.  No response is required to the allegations in Paragraph 346, which purports to characterize Pivotal's December 8, 2020 Proxy/Prospectus, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations are complete and accurate.

347.    Defendants admit that the business combination between Pivotal and XL Hybrids began in July 2020 and was completed December 22, 2020.  Defendants deny that the allegations

in Paragraph 347 are a complete and accurate description of the merger process. Defendants deny the remaining allegations in Paragraph 347.

348. Defendants admit that if Pivotal did not complete a business combination by the deadline, it would be forced to cease operations and liquidate, and the Pivotal securities owned by the Sponsor, Ledecky, Griffin, and Brady would become worthless. Defendants deny the remaining allegations in Paragraph 348.

349. No response is required to the allegations in Paragraph 349, which purports to characterize Pivotal's December 8, 2020 Proxy/Prospectus, which speaks for itself. To the extent a response is required, Defendants deny the characterizations are complete and accurate. Defendants deny the remaining allegations in Paragraph 349.

350. Defendants admit that Griffin was the Chief Executive Officer and Chief Investment Officer of MGG Special Opportunities Fund LP, which subscribed for 630,000 shares of Pivotal Class A common stock in the Pipe Transaction, at a price of $10 per share. Defendants admit that the closing price was $16.00 per share on December 7, 2020. Defendants deny the remaining allegations in Paragraph 350. No response is required to the allegations in footnote 25 in Paragraph 350, which purports to define a term used in the Amended Complaint. Defendants admit the remaining allegations in Paragraph 350 footnote 25.

351. No response is required to the allegations in Paragraph 351 that purport to characterize and quote XL Hybrids' Proxy/Prospectus dated December 8, 2020, which speaks for itself. To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 351.

63

352.    No response is required to the allegations in Paragraph 352 that purport to characterize and quote XL Hybrids' Proxy/Prospectus dated December 8, 2020, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.

353.    No response is required to the allegations in Paragraph 353 that purport to characterize and quote Pivotal's 2019 Form 10-K, and other unidentified public disclosures, which speak for themselves.  To the extent a response is required, Defendants deny that the quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 353.

354.    No response is required to the allegations in Paragraph 354 that purport to characterize and quote Pivotal's December 8, 2020 prospectus, which speaks for itself.  To the extent a response is required, Defendants deny that the quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 354.

355.    No response is required to the allegations in Paragraph 355 which purport to characterize and quote Pivotal's December 8, 2020 prospectus, which speaks for itself. Defendants deny the remaining allegations in Paragraph 355.

356.    Defendants deny the allegations in Paragraph 356.

357.    Defendants admit that Defendants Ledecky and Hynes had the initial discussion leading to the Business Combination, that Ledecky signed the merger agreement with XL Hybrids on behalf of Pivotal, signed Pivotal's Registration Statement relating to the Business Combination, and gave a presentation about the proposed merger of Pivotal and XL Hybrids to the Pivotal board of directors in September 16, 2020.  Defendants deny the remaining allegations in Paragraph 357.

358.   Defendants deny the allegations in Paragraph 358.

359.   Defendants admit that Griffin signed Pivotal's Registration Statement relating to the Business Combination.  No response is required to the remaining allegations in Paragraph 359, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 359.

360.   Defendants admit that Brady was Pivotal's CFO and an officer of Pivotal, and that he signed Pivotal's Registration Statement relating to the Business Combination.  Defendants deny the remaining allegations in Paragraph 360.

361.   Defendants deny the allegations in Paragraph 361.

362.   No response is required to the allegations in Paragraph 362 that purport to characterize and quote Pivotal's Prospectus dated December 8, 2020, which speaks for itself.  To the extent a response is required, Defendants deny the quotations and characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 362.

363.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 concerning the statements and beliefs of unidentified individual FE2. To the extent a response is required, Defendants deny the allegations in Paragraph 363.

364.   Defendants deny the allegations in Paragraph 364.

365.   No response is required to the allegations in Paragraph 365 that purport to characterize and quote Pivotal's December 8, 2020 Proxy/Prospectus and unaudited financial statements as of September 30, 2019, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 365.

366.    Defendants admit that XL received approximately $343 million in cash proceeds in the Business Combination, and that prior to the Business Combination XL Hybrids had raised aggregate proceeds of approximately $64 million since its inception primarily through private placements of convertible preferred stock and issuance of convertible notes payable.  No response is required to the allegations in Paragraph 366 which purport to characterize the Muddy Waters report, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations are complete and accurate Defendants deny the remaining allegations in Paragraph 366.

367.    Defendants deny the allegations in Paragraph 367.

368.    Defendants admit the allegations in Paragraph 368.

369.    Defendants admit the allegations in Paragraph 369.

370.    Defendants admit the allegations in Paragraph 370.

371.    No response is required to the allegations in Paragraph 371 that purport to characterize and quote Pivotal's December 8, 2020 Proxy/Prospectus, which speaks for itself. To the extent a response is required, Defendants deny the characterizations and quotations are complete and accurate.

372.    No response is required to the allegations in Paragraph 372, which purports to characterize and quote XL Fleet's March 4, 2021 Prospectus, which speaks for itself.  To the extent a response is required, Defendants deny the characterizations and quotations are complete and accurate.

373.    Defendants admit the allegations in Paragraph 373.

374.    Defendants admit that the Company's 2020 loss from operations was $15.3 million, as compared to a $13.6 million 2019 loss, and that the Company's net loss was $25.6

66

million, as compared to a $14.9 million 2019 loss. Defendants deny the remaining allegations in Paragraph 374.

375.    Defendants deny the allegations in Paragraph 375.

376.    Defendants deny the allegations in Paragraph 376.

377.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377.  To the extent a response is required, Defendants deny the allegations in Paragraph 377.

378.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378.  To the extent a response is required, Defendants deny the allegations in Paragraph 378.

379.    No response is required to the allegations in Paragraph 379, which purports to describe the purport to characterize and quote various statements by XL Fleet, which speak for themselves.  To the extent a response is required, Defendants deny the description is complete and accurate.  No response is required to the allegations in footnote 9 in Paragraph 379, which purports to describe the Company's public disclosures, which speak for themselves. To the extent a response is required, Defendants deny that the characterization of the Company's public disclosures in footnote 26 of Paragraph 379 are complete and accurate.

380.    Defendants admit the allegations in Paragraph 380.

381.    Defendants admit the allegations in Paragraph 381.

382.    Defendants admit that following the Business Combination, Defendant Kazarinoff beneficially owned 1.0% of XL's outstanding common stock, and that Defendant Hynes beneficially owned 5.6% of XL's outstanding common stock.  Defendants deny the remaining allegations in Paragraph 382.

383.    Defendants admit that certain shareholders of XL Hybrids and Pivotal entered into a lock-up agreement in connection with the Merger.  Defendants deny that the allegations in Paragraph 383 are a complete and accurate characterization of the lock-up agreement and otherwise deny the allegations in Paragraph 383. Defendants deny the remaining allegations in Paragraph 383.

384.    Defendants deny the allegations in Paragraph 384.

385.    Defendants admit that Ledecky and Hynes had the initial discussion leading to the Business Combination, and that Ledecky signed the merger agreement with XL Hybrids on behalf of Pivotal. Defendants deny the remaining allegations in Paragraph 385.

386.    No response is required to the allegations in Paragraph 386 which purport to quote and characterize various statements of Pivotal's, which speak for themselves.  To the extent a response is required, Defendants deny the quotations and characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 386.

387.    No response is required to the allegations in Paragraph 387 which purport to quote and characterize various statements of Pivotal, which speak for themselves.  To the extent a response is required, Defendants deny the quotations and characterizations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 387.

388.    Defendants admit that Piern left XL Fleet in May 2021.  Defendants deny that the characterizations of XL Fleet's actions regarding Piern's departure are complete and accurate. Defendants deny the remaining allegations in Paragraph 388.

389.    No response is required to the allegations in Paragraph 389, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 389.

390.    No response is required to the allegations in Paragraph 390, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 390.

391.    No response is required to the allegations in Paragraph 391 which purport to characterize unidentified disclosures by the Defendants, which speak for themselves.  No response is required to the allegations in Paragraph 391 which consist of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 391.

392.    No response is required to the allegations in Paragraph 392 and footnotes 27 and 28 therein, which purport to characterize and quote the Company's October 2, 2020 Registration Statement and financial statements, which speak for themselves.  To the extent a response is required, Defendants deny the characterizations and quotations are complete and accurate. Defendants deny the remaining allegations in Paragraph 392.

393.    No response is required to the allegations in Paragraph 393 that purport to characterize and quote various statements by XL Fleet, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 393.

394.    No response is required to the allegations in Paragraph 394, which consists solely of legal conclusions.  No response is required to the allegations in Paragraph 394 that purport to characterize and quote the Muddy Waters Report and XL Fleet's March 8, 2021 press release, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations and quotations are complete and accurate.  Defendants deny the remaining allegations in Paragraph 394.

395.    No response is required to the allegations in Paragraph 395, which consists solely of legal conclusions.  No response is required to the allegations in Paragraph 395 that purport to characterize XL Fleet's disclosures, which speak for themselves.  To the extent a response is required, Defendants deny that the characterizations are complete and accurate. To the extent a response is required, Defendants deny the allegations in Paragraph 395.

396.    No response is required to the allegations in Paragraph 396, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 396.

397.    Defendants admit that Ledecky was the Chairman and CEO of Pivotal and remained a director of XL Fleet after the Business Combination, and that Ledecky signed some of the SEC filings at issue. Defendants deny that the allegations that purport to characterize Ledecky's role are complete and accurate. No response is required to the remaining allegations in Paragraph 397, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 397.

398.    Defendants admit that Brady signed the October 2, 2020 Registration Statement and its subsequent amendments. Defendants deny that the allegations that purport to characterize Brady's role are complete and accurate. No response is required to the remaining allegations in Paragraph 398, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 398.

399.    Defendants admit that Griffin was a director of Pivotal and remained a director of XL Fleet after the Business Combination, that he signed the October 2, 2020 Registration Statement and its subsequent amendments, and that he signed the January 13, 2021 Registration Statement. Defendants deny that the allegations that purport to characterize Griffin's role are

70

complete and accurate. No response is required to the remaining allegations in Paragraph 399, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 399.

400.    Defendants admit that Kazarinoff was the CEO of XL Hybrids and became CEO and director of XL Fleet following the Merger, and that he signed the January 13, 2021 Registration Statement. Defendants deny that the allegations that purport to characterize Kazarinoff's role are complete and accurate. No response is required to the remaining allegations in Paragraph 400, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 400.

401.    Defendants admit that Hynes was the Chief Strategy Officer of XL Hybrids, that he signed the January 13, 2021 Registration Statement, and that after the Merger, he became the President and a director of later XL Fleet. Defendants deny that the allegations that purport to characterize Hynes's role are complete and accurate. No response is required to the remaining allegations in Paragraph 401, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 401.

402.    Defendants admit that Piern was XL's VP of Sales and Marketing from January 2019 through May 2021. Defendants deny that the allegations that purport to characterize Piern's role are complete and accurate. No response is required to the remaining allegations in Paragraph 402, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 402.

403.    No response is required to the allegations in Paragraph 403, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 403.

71

404.    No response is required to the allegations in Paragraph 404, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 404.

405.    No response is required to the allegations in Paragraph 405, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 405.

406.    No response is required to the allegations in Paragraph 406, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 406.

407.    No response is required to the allegations in Paragraph 407, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 407.

408.    No response is required to the allegations in Paragraph 408, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 408.

409.    No response is required to the allegations in Paragraph 409, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 409.

410.    No response is required to the allegations in Paragraph 410, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 410.

411.    Defendants admit that Pivotal was formed as a vehicle to effect a business combination, that Pivotal would continue in existence only until January 16, 2021, at which date,

if Pivotal had not yet completed a business combination, its corporate existence would cease, except for the purposes of winding up its affairs and liquidating. Defendants deny that the remaining allegations in Paragraph 411 are a complete and accurate description of the requirements for such companies.

412. No response is required to the allegations in Paragraph 412, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 412.

413. Defendants admit that this is an action that purports to assert claims under the federal securities laws on behalf of persons and entities that purchased or otherwise acquired XL Fleet securities between September 18, 2020 and March 31, 2021. No response is required to the allegations in Paragraph 413 that merely purport to describe the Amended Complaint, which speaks for itself. Defendants deny the remaining allegations in Paragraph 413.

414. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's beliefs concerning the number of Class members. No response is required to the remaining allegations in Paragraph 414 which consist of legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 414.

415. No response is required to the allegations in Paragraph 415, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 415.

416. Defendants lack information or knowledge sufficient to form a belief as to Plaintiff's beliefs concerning the Plaintiffs. No response is required to the allegations in Paragraph 416, which consists solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 416.

417.    No response is required to the allegations in Paragraph 417, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 417.

418.    No response is required to the allegations in Paragraph 418, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 418.

419.    No response is required to the allegations in Paragraph 419 that merely purport to describe the Amended Complaint, which speaks for itself. No response is required to the allegations in Paragraph 418, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 419.

420.    No response is required to the allegations in Paragraph 420, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 420.

421.    No response is required to the allegations in Paragraph 421, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 421.

422.    Defendants admit that on December 23, 2020, XL Fleet's shares closed at a high of $32.59 per share.  No response is required to the remaining allegations in Paragraph 422, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 422.

423.    No response is required to the allegations in Paragraph 423, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 423.

424.     No response is required to the allegations in Paragraph 424, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 424.

425.     No response is required to the allegations in Paragraph 425, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 425.

426.     No response is required to the allegations in Paragraph 426, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 426.

427.     No response is required to the allegations in Paragraph 427, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 427.

428.     No response is required to the allegations in Paragraph 428 that merely purport to describe the Amended Complaint, which speaks for itself.

429.     No response is required to the allegations in Paragraph 429, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 429.

430.     No response is required to the allegations in Paragraph 430 that merely purport to describe the Amended Complaint, which speaks for itself.  No response is required to the remaining allegations in Paragraph 430, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 430.

431.     No response is required to the allegations in Paragraph 431 that merely purport to describe the Amended Complaint, which speaks for itself.  No response is required to the

75

allegations in Paragraph 431, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 431.

432.    No response is required to the allegations in Paragraph 432 that merely purport to describe the Amended Complaint, which speaks for itself.  No response is required to the allegations in Paragraph 432, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 432.

433.    No response is required to the allegations in Paragraph 433 that merely purport to describe the Amended Complaint, which speaks for itself.  No response is required to the allegations in Paragraph 433, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 433.

434.    No response is required to the allegations in Paragraph 434, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 434.

435.    No response is required to the allegations in Paragraph 435, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 435.

436.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 436 regarding the beliefs of the members of the Class. No response is required to the allegations in Paragraph 436, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 436.

437.    No response is required to the allegations in Paragraph 437, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 437.

438.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 438 regarding the beliefs of the Plaintiffs and other members of the Class. No response is required to the allegations in Paragraph 438, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 438.

439.    No response is required to the allegations in Paragraph 439, which merely purports to describe the Amended Complaint, which speaks for itself.

440.    No response is required to the allegations in Paragraph 440 that merely purport to describe the Amended Complaint, which speaks for itself.

441.    No response is required to the allegations in Paragraph 441, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 441.

442.    No response is required to the allegations in Paragraph 442, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 442.

443.    No response is required to the allegations in Paragraph 443, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 443.

444.    No response is required to the allegations in Paragraph 444, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 444.

445.    No response is required to the allegations in Paragraph 445, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 445.

446.    No response is required to the allegations in Paragraph 446, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 446.

447.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 447 regarding the beliefs of Plaintiffs and other members of the Class. No response is required to the allegations in Paragraph 447, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 447.

448.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 448 regarding the beliefs of the Plaintiffs and other members of the Class. No response is required to the allegations in Paragraph 448, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 448.

449.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 449 regarding the beliefs of the Plaintiffs and other members of the Class. No response is required to the allegations in Paragraph 449, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 449.

450.    No response is required to the allegations in Paragraph 450, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 450.

451.    No response is required to the allegations in Paragraph 451, which merely purports to describe the Amended Complaint, which speaks for itself.

452.    No response is required to the allegations in Paragraph 452, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 452.

453.    No response is required to the allegations in Paragraph 453, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 453.

454.    No response is required to the allegations in Paragraph 454, which consists solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 454.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues triable by jury under applicable law.

**AFFIRMATIVE DEFENSES**

Defendants do not waive any affirmative defenses and reserve the right to assert any and all affirmative defenses that may be available after reasonable discovery.

First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because every act or omission alleged in the Amended Complaint was done or omitted in good faith conformity with the rules and

79

regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a)

of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

## Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements

were forward-looking statements, were identified as such and were accompanied by meaningful

cautionary statements identifying important factors that could cause actual results to differ

materially from those in the forward-looking statements. Accordingly, such alleged

misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15

U.S.C. § 78u-5(c)(1)(A), and under the bespeaks caution doctrine.

## Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements

are not actionable under the Private Securities Litigation Report Act of 1995, 15 U.S.C. § 78u-

5(c)(1)(B), because the statements were forward-looking and the person making the statement

did not have actual knowledge that the statements were materially false or misleading or the

statements were made or approved by an executive officer who did not have actual knowledge

that the statements were materially false or misleading.

## Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose

disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal

securities laws, including but not limited to the Securities Act of 1933, the Securities and

Exchange Act of 1934, and the rules and regulations promulgated by the Securities and

Exchange Commission.

Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements or omissions were not material as a matter of law.

Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants did not intentionally or recklessly make any material misstatements or omissions. At all times, and with respect to all matters referenced herein, Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported false or misleading nature of the alleged misstatements and omissions.

Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions.

Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to adequately plead transaction causation, and Plaintiffs cannot prove transaction causation. Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the alleged misstatements or omissions. Plaintiffs would have purchased or sold the securities in question at the same price even if the information in question had been revealed to them.

Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not misled by the market price of the securities.

Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which its claims are based.

Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as a result, were available to Plaintiffs and the public, and were at all times reflected in XL's stock price.

Twelfth  Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations and omissions did not affect the market price of XL Fleet's common stock.  The alleged damages for which Plaintiffs seek to hold Defendants responsible arise from depreciation in the share price that was not the result of any material misstatement or omission by Defendants.

Thirteenth Affirmative Defense

Plaintiffs have no basis for recovery of costs and expenses, including attorneys' fees and expert fees, incurred in this action.

Additional Defenses, Counterclaims, Cross-Claims, and Third-Party Claims

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted that may become apparent through discovery or other investigation.

WHEREFORE, Defendants respectfully request that this Court dismiss the Amended Complaint and Plaintiff's claims, enter judgment in favor of Defendants and against Plaintiffs,

award Defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the

defense of this action, and grant Defendants any additional relief that is fair and appropriate.


Dated:  April 5, 2022

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
Jeremy T. Adler
**WILMER CUTLER PICKERING HALE
    AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
jeremy.adler@wilmerhale.com

Susan S. Muck
**WILMER CUTLER PICKERING HALE
    AND DORR LLP**
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235-1002
Fax: (628) 235-1001
susan.muck@wilmerhale.com

*Counsel for Defendants XL Fleet Corp., Thomas J.
Hynes III, Dimitri Kazarinoff, Brian Piern,
Jonathan J. Ledecky, James H.R. Brady, and Kevin
Griffin*