

January 13, 2023

**VIA ECF**
The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *In re XL Fleet Corp. Securities Litigation* (1:21-cv-02002-JLR)

Your Honor,

      I represent Plaintiffs in the above-referenced case, and respectfully submit this pre-motion conference letter regarding class certification, pursuant to Section 12.e. of the Amended Civil Case Management Plan and Scheduling Order. [ECF No. 118] Plaintiffs seek to move to certify a class of persons who purchased XL Fleet[1] securities between September 18, 2020 and March 31, 2021, inclusive (the "Class Period"). As outlined below, Plaintiffs' motion will demonstrate that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and thus certification is warranted.

    **1.  The Class Satisfies Rule 23(a)**

      ***Numerosity.*** Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). Numerosity is presumed when a class consists of forty members or more. *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York*, 2022 WL 986071, at *3 (S.D.N.Y. Mar. 31, 2022). Plaintiffs will demonstrate that there are likely hundreds, if not thousands, of class members.[2]

      ***Commonality.*** Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In securities class actions, this requirement has been characterized as a "low hurdle" that is met "when plaintiffs allege that class members have been injured by similar material misrepresentations and omissions." *In re Aphria, Inc. Sec. Litig.*, 342 F.R.D. 199, 204 (S.D.N.Y. 2022) (internal quotation marks omitted). Plaintiffs will demonstrate that there are issues common to the class, including (1) whether the federal securities laws were violated; (2) whether the statements at issue omitted and/or misrepresented material facts;

---

[1] References herein to XL Fleet include Pivotal Investment Corporation II, XL Fleet's predecessor corporation before the completion of their merger on or about December 21, 2020.

[2] In addition to the factors put forth in Rule 23, the Second Circuit has endorsed an "ascertainability" requirement as well. For securities class actions, "[a] class is sufficiently ascertainable . . . [because] securities purchases identified by subject matter, timing, and location – are clearly objective." *In re Aphria, Inc. Sec. Litig.*, 342 F.R.D. 199, 205 (S.D.N.Y. 2022).

(3) whether Defendants acted knowingly or recklessly; (4) whether XL Fleet's stock price was artificially inflated; and (5) whether investors were damaged.

*Typicality.* Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*, 277 F.R.D. 97, 106 (S.D.N.Y. 2011) (citations omitted). As with commonality, Plaintiffs will demonstrate that their claims are typical as they are based on the issues discussed in the commonality section above.

*Adequacy.* Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4). "In assessing this requirement, courts make two principal inquiries: whether (1) plaintiff's interests are antagonistic to the interest of other members of the class; and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Aphria*, 342 F.R.D. at 204-05. Plaintiffs will demonstrate that both prongs are satisfied here, as (1) Plaintiffs' interests are not antagonistic to the class, and (2) court-appointed Lead Counsel is qualified, experienced, and able to conduct the litigation.

## 2. The Class Satisfies Rule 23(b)(3)

*Predominance.* Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Predominance is a test readily met in certain cases alleging securities fraud." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625 (1997). In securities class actions, the elements of falsity, materiality, scienter, and loss causation are subject to class-wide proof. Therefore, "[w]hether common questions of law or fact predominate in a securities fraud action often turns on the element of reliance." *See Erica P. John Fund, Inc. v. Halliburton Co.,* 563 U.S. 804, 810 (2011). In this case, reliance may be presumed on a class-wide basis pursuant to (a) the fraud-on-the-market presumption under *Basic Inc. v. Levinson,* 485 U.S. 224 (1988), or (b) the presumption of reliance applicable to omission claims under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). Either presumption is independently sufficient for class certification, and Plaintiffs will demonstrate that both apply in this case.

To invoke the fraud-on-the-market presumption, Plaintiffs must show that XL Fleet stock traded on an efficient market.[3] District courts in this Circuit and elsewhere routinely consider the five non-exhaustive factors derived from *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989). Plaintiffs will demonstrate that, during the Class Period, (1) XL Fleet common stock had an average weekly trading volume of 33,562,487 shares, which translated to an average weekly turnover of 52.4% of the outstanding shares, which is much more than the 2% threshold set by

---

[3] Class certification was recently granted, and market efficiency was demonstrated, in a factually similar securities class action involving a merger between a special purpose acquisition company and an electric vehicle battery manufacturer. *Malriat v. Quantumscape Corp.,* 2022 WL 17974629, at *10-13 (N.D. Cal. Dec. 19, 2022).

*Cammer*; (2) XL Fleet had sufficient analyst coverage, as well as significant television and other media coverage; (3) XL Fleet had 82 market makers, which exceeds the eleven market makers in *Cammer*; (4) XL Fleet met the requirements for S-3 eligibility; and (5) a statistical analysis and event study developed by Plaintiffs' expert demonstrates a cause-and-effect relationship between unexpected corporate events or financial releases and an immediate response in XL Fleet's stock price.

Courts have also considered three other factors identified in *Unger v. Amedisys*, 401 F.3d 316, 323 (5th Cir. 2005) and *Krogman v. Sterritt*, 202 F.R.D. 467, 478 (N.D. Tex. 2001). Plaintiffs will demonstrate that they satisfy each of the *Unger/Krogman* factors, because during the Class Period, (1) the aggregate market value of XL Fleet's common stock averaged $1.29 billion; (2) XL Fleet's common stock float averaged $1.12 billion; and (3) the average bid-ask spread for XL Fleet common stock was only 0.14%.

Reliance may also be presumed under *Affiliated Ute*, without a showing of market efficiency, where "a plaintiff's claim is based on a defendant's failure to disclose material information." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 748 (2d Cir. 1992). In such a case, "[a]ll that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of [its] decision." *Affiliated Ute*, 406 U.S. at 131. Plaintiffs will demonstrate that Plaintiffs' claims are primarily based on omissions, including: (1) the composition of XL Fleet's sales pipeline, (2) XL Fleet's supply chain problems, (3) the lack of recent purchases by companies XL Fleet highlighted as composing its customer base, (4) results of fuel economy testing conducted by XL Fleet, (5) XL Fleet's failure to meet regulatory requirements to sell products in California, and (6) the basis for XL Fleet's financial projections.

***Superiority.*** Rule 23(b)(3) also requires that class treatment be "superior to other available methods for fairly and efficiently adjudicating the controversy," which is easily met for the reasons discussed above. Fed. R. Civ. P. 23(b)(3). Finally, securities class actions like this one generally raise no unusual manageability issues. *See In re Petrobras Secs.,* 862 F.3d 250, 268 (2d Cir. 2017) (internal citation omitted) ("failure to certify an action under Rule 23(b) (3) on the sole ground that it would be unmanageable is disfavored and should be the exception rather than the rule").

\*\*\*

The parties have conferred regarding Plaintiffs' planned motion, and jointly request leave to adhere to the following proposed briefing schedule: (1) **March 10, 2023** – Plaintiffs' Opening Brief ; (2) **May 12, 2023** – Defendant's Opposition; (3) **June 23, 2023** – Plaintiffs' Reply Brief. Additionally, the parties request leave to be given a page limit of **30 pages** for the Opening and Opposition memorandums.

Respectfully submitted,

*/s/ Gregory B. Linkh*
Gregory B. Linkh