**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE XL FLEET CORP. SECURITIES
LITIGATION

Case No. 1:21-cv-02002-JLR

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,**
**CERTIFICATION OF THE SETTLEMENT CLASS,**
**AND APPROVAL OF NOTICE TO THE SETTLEMENT CLASS**

## I.    __INTRODUCTION__

In anticipation of the January 12, 2024 preliminary approval settlement hearing, and in light of the Court's order dated January 2, 2024 [ECF No. 187], Plaintiffs wish to address the Second Circuit's ruling in *Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023).[1] Plaintiffs have discussed each of the four elements of Rule 23(e)(2) in their Preliminary Approval Memorandum [ECF No. 181], and explained why each supports preliminary approval.[2] *See* ECF No. 181, sections V.A.1-V.A.5. They have also addressed the relevant *Grinnell* factors (certain of which overlap with Rule 23(e)(2)). *See* ECF No. 181, section V.A; *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *Moses*, 79 F.4th at 243 (noting that "the factors outlined in *Grinnell* and the revised Rule 23(e)(2) largely overlap").[3] Because each of these factors weighs in favor of preliminary approval, preliminary approval is appropriate. *Moses* does not change the calculus.[4]

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated December 6, 2023. [ECF No. 182-1.]

[2] Those four elements are whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's-length; (C) the relief provided for the class is adequate ... [and] (D) the proposal treats class members equitably relative to each other." Rule 23(e)(2)(A)-(D). "The first two factors are procedural in nature, and the latter two guide the substantive review of a proposed settlement." *Moses*, 79 F.4th at 242–43 (citing Rule 23(e)(2), and Advisory Committee Notes to 2018 Amendment).

[3] Unless otherwise noted, all internal citations and quotations have been omitted and emphasis has been added.

[4] In their Preliminary Approval Memorandum, Plaintiffs cited *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) for the proposition that a "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel[.]" ECF No. 181 at 6. Plaintiffs' counsel was not previously aware of the Second Circuit's recent *Moses* opinion. Plaintiffs' counsel apologizes for the oversight, and thanks the Court for bringing this opinion to their attention.

## II.    *MOSES* CLARIFIED THE STANDARD FOR PRELIMINARY APPROVAL

*Moses* clarified the analysis of the Rule 23(e)(2) factors in several ways. ***First***, *Moses* has eschewed a presumption of fairness arising from arm's-length settlements in favor of a more "holistic" evaluation of the four factors outlined in Rule 23(e)(2). *Id.* at 243. The Court found that since the 2018 amendments to the Rules codified ***four*** factors (including arm's-length negotiations), Rule 23(e)(2) prohibits "courts from applying a presumption of fairness to proposed settlements arising from an arms-length agreement." *Id.*  In other words, because one of the four factors is whether the proposal was negotiated at arm's-length, and because the new Rule 23(e)(2) does not suggest that one factor creates a favorable presumption as to the other three, applying a presumption of fairness based on whether the settlement was negotiated at arm's-length is inconsistent with Rule 23(e)(2). *See id*. Thus, while "the arms-length quality of the negotiations remain[s] a factor in favor of approving the settlement" under *Moses*, this factor must be considered in conjunction with the other three factors. *Id.* Here, because the Settlement was negotiated at arm's-length with the assistance of an experienced mediator and was, in fact, the result of a mediator's recommendation, there can be no question that this factor militates in favor of preliminary approval. *See* ECF 181, section V.A.2; *see also* ECF No. 182 (Declaration of Gregory Linkh ("Linkh Declaration")), pp.3-4 (discussing mediation process leading to settlement). Moreover, Plaintiffs have addressed each of the other three elements of Rule 23(e)(2) in their Preliminary Approval Memorandum [ECF No. 181] and supporting papers. *See* Sections V.A.1 (Rule 23(e)(2)(A) - Plaintiff and Lead Counsel Adequately Represented the Class); V.A.3-4 (Rule 23(e)(2)(C)(i-iv) - Adequacy of Relief), and V.A.5 (Rule 23(e)(2)(D) - the Settlement Treats All Class Members Equitably Relatively to Each Other).

*Second*, *Moses* held that, "[a]s to the adequacy of class relief, courts must take into account, among other considerations, the terms of any proposed award of attorney's fees." *Moses*, 79 F.4th at 244. The purpose of "[t]his review is to "provide[] a backstop that prevents unscrupulous counsel from quickly settling a class's claims to cut a check." *Id*. "Thus, when reviewing the substantive fairness of a proposed settlement, the district court is required to review both the terms of the settlement and any fee award encompassed in a settlement agreement in tandem."

Here, approval of the requested attorneys' fee is separate from approval of the Settlement, and the Settlement may not be terminated based on any ruling with respect to attorneys' fees. *See* Stipulation ¶16. Moreover, as discussed in section V.A.4 of the Preliminary Approval Memorandum, Plaintiffs' Counsel may request attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. Such a request "falls comfortably within the range of fees typically awarded in securities class actions." *Maley v. Del Global Tech. Corp.*, 186 F.Supp.2d 358, 370 (S.D.N.Y. 2002); *see also Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (collecting cases and noting that "Class Counsel's request for 33% of the Settlement Fund is typical in class action settlements in the Second Circuit."); *Toure v. Amerigroup Corp.*, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6, 2012) ("request for one-third of the fund is reasonable and consistent with the norms of class litigation in this circuit."). The potential fee request is, therefore, well within the range of reasonableness, and any reduction thereof will not negatively impact the Settlement Class.

It is also important to recognize that, in *Moses*, the attorneys had requested fees equal to *76%* of the $1.65 million cash settlement fund, and additional consideration was offered to class members in the form of "coupons" or website access codes. *Moses*, 79 F.4[th] at 241. In stark

contrast, in this action the settlement consideration is an all-cash fund of $19.5 million, and Plaintiffs' counsel will not request more than ***one-third*** of that amount in fees. Should the Court grant preliminary approval, Plaintiffs will address the proposed fee award in detail in their motions for final settlement approval and for an award of attorneys' fees and Litigation Expenses.

***Third***, *Moses* reiterated the applicability of service awards, in much the same way the Private Securities Litigation Reform Act of 1995 ("PSLRA") allows, in securities class actions, for "the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." 15 U.S.C. § 78u–4(a)(4). As the court in *Moses* recognized, such awards "protect[] the interests of class representatives who play an active role in the litigation – often providing the background information that forms the basis of the lawsuit, engaging in fact discovery, and devoting considerable time and effort into the settlement process – 'from having absent class members free ride on their efforts.'" *Moses*, 79 F.4th at 245 (*citing* 5 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS §§ 17:3-4); *see also Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019) ("Court[s] have found that the PSLRA permits courts to award lead plaintiffs in federal securities actions reimbursement for their time devoted to participating in and directing the litigation on behalf of the class.").

Here, the Linkh Declaration [ECF No. 182, at ¶43] has detailed the significant work done by each Plaintiff to warrant an additional award. The proposed awards to the five named Plaintiffs will not exceed, in the aggregate, $105,000 (*see id.*, at ¶42), or approximately $21,000 per Plaintiff. PSLRA awards in such amounts are routinely approved in cases where Plaintiffs perform significant work, and do not weigh against settlement approval. *See In re Marsh &*

*McLennan Cos., Inc. Sec. Litig.*, 2009 WL 5178546, at *21 (S.D.N.Y. Dec. 23, 2009) (awarding $214,657 to two lead plaintiffs pursuant to PSLRA); *In re Xcel Energy, Inc. Sec., Derivative & "ERISA" Litig.,* 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) ($100,000 collectively awarded to lead plaintiff group as reimbursement); *In re Virgin Mobile USA IPO Litig.*, No. 07-cv-5619 (SDW), ECF No. 146 at ¶19 (D.N.J. Dec. 8, 2010) (PSLRA awards to co-lead plaintiffs of $29,370, $29,205, $30,000, and $25,245 respectively, for a combined total of $113,820).

**Finally**, no opposition has been filed in response to Plaintiffs' motion for preliminary settlement approval, which further weighs in favor of granting the motion.

## III.    CONCLUSION

For the foregoing reasons, and those detailed in Plaintiffs' Preliminary Approval Memorandum and the accompanying Linkh Declaration, Plaintiffs respectfully submit that the proposed Settlement is fair, reasonable, and adequate, and that preliminary approval of the Settlement is warranted. Plaintiffs' Counsel will be prepared to discuss these issues further at the January 12, 2024, hearing, and look forward to addressing any questions the Court may have.

Dated: January 5, 2023                            **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
glinkh@glancylaw.com

-and-

Robert V. Prongay
Garth Spencer (GS-7623)
Christopher Fallon (*admitted pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

5

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Lead Attorneys for Lead Plaintiff Delton Rowe,*
*additional Plaintiffs Jeffrey Suh, Carl Enslin,*
*Simone Heridis, and Soraya Heridis,*
*and the putative Class*

6

## PROOF OF SERVICE

I hereby certify that on this 5th day of January, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Gregory B. Linkh*
Gregory B. Linkh
