**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE XL FLEET CORP. SECURITIES LITIGATION | Case No. 1:21-cv-02002-JLR |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In re XL Fleet Corp. Sec. Litig.*, Case No. 1:21-cv-02002-JLR (the "Action");

WHEREAS, (a) lead plaintiff Delton Rowe and additional plaintiffs Jeffrey Suh, Carl Enslin, Simone Heridis, and Soraya Heridis (née Matamoros) (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants XL Fleet Corp., ("XL Fleet")[1] and Jonathan J. Ledecky, James H.R. Brady, Kevin Griffin, Thomas J. Hynes III, Dimitri Kazarinoff, and Brian Piern (collectively, "Individual Defendants"; and together with XL Fleet, "Defendants"; and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 6, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

---

[1] XL Fleet is now known as Spruce Power Holding Corporation.

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

WHEREAS, the Court held a hearing on January 16, 2024, and considered additional information provided therein; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities that purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet or Pivotal Investment Corporation II ("Pivotal"), purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, between September 18, 2020 and March 31, 2021, both dates inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer, and/or director of XL Fleet or Pivotal during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of XL Fleet and Pivotal; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and

assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, lead plaintiff Delton Rowe and additional plaintiffs Jeffrey Suh, Carl Enslin, Simone Heridis, and Soraya Heridis (née Matamoros) are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class.  The Settlement: (a) resulted from arm's-length negotiations overseen by

an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a Settlement Hearing to be conducted as described below.

5.       **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on **April 30, 2024 at 10:00 a.m.** in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement; (c) to  determine  whether  the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; (e) to consider Settlement Class Members' objections to the Settlement, Plan of Allocation or application for attorneys' fees and reimbursement of Litigation Expenses; and (f) to consider any  other  matters  that  may  properly  be  brought  before  the  Court  in  connection  with  the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.       The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court

further reserves the right to enter Judgment approving the Settlement and dismissing the Action with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs

7.   **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)   within ten (10) business days of the date of entry of this Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Plaintiffs, Lead Counsel, or the Claims Administrator) their security holder lists (consisting of names and addresses) for the purchasers of XL Fleet Securities during the Settlement Class Period;

(b)   not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Defendants or in the records which XL Fleet caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)   contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended,

and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet or Pivotal, purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of notice from the Claims Administrator: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within seven (7) calendar days of receipt of the link from the Claims Administrator; or (c) send a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice and Claim Form, to such beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.  Upon full and timely compliance with this Order, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.03 per email for emailing notice; or (c) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the

Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.  Nominees are not authorized to print the Postcard Notice themselves for mailing.  Postcard Notices may only be printed by the Claims Administrator.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her,

or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *In re XL Fleet Corp. Sec. Litig.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the

case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re XL Fleet Corp. Sec. Litig.*, Case No. 1:21-cv-02002-JLR"; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  In addition, a request for exclusion must state the number and type of XL Fleet Securities that the person or entity requesting exclusion purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall have no rights under the Stipulation, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as

more fully described in the Stipulation and Notice.

16.     The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion at least fourteen (14) calendar days before the Settlement Hearing.

17.     No later than seven (7) calendar days before the Settlement Hearing, the Claims Administrator or Lead Counsel shall file a list of all Persons who have submitted a timely Request for Exclusion with its determinations as to whether any Request for Exclusion was not submitted timely.

18.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.   Attendance at the Settlement Hearing is not necessary.   Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no

Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP<br>Attn: Garth A. Spencer, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Troutman Pepper Hamilton Sanders LLP<br>Attn:  Jay A. Dubow, Esq.<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103 |
| | Willkie Farr & Gallagher LLP<br>Attn: William Stellmach, Esq.<br>1875 K Street, N.W.<br>Washington, D.C. 20006 |
| | McDermott Will & Emery LLP<br>Attn: Caitlyn M. Campbell, Esq.<br>200 Clarendon Street, Floor 58<br>Boston, MA 02116 |
| | Ropes & Gray LLP<br>Attn: R. Daniel O'Connor, Esq.<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600 |

20.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector is represented by counsel; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement

Class Member wishes to bring to the Court's attention; (c) a statement of whether the objector intends to appear at the Settlement Hearing; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number and type of XL Fleet Securities that the person or entity objecting purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other

proceeding.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

23.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24.     **Settlement Fund and Payment of the Settlement Amount** – In accordance with paragraph 8 of the Stipulation, XL Fleet and/or its D&O Insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty-one (21) calendar days after the later of: (a) the Court's entry of this Order, or (b) XL Fleet having received the information necessary to effectuate a transfer of funds to the Escrow Account.  If XL Fleet and/or its D&O Insurers fail to cause the Settlement Amount, or any portion thereof, to be paid in accordance with the terms of the Stipulation, (a) Defendants cannot terminate the Settlement; and (b) Plaintiffs may apply to the Court to enforce the terms of the Settlement, and further may apply to the Court for an order that XL Fleet pay interest on the unfunded portion of the Settlement Amount.

25.     The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in*

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

27.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of September 28, 2023, as provided in the Stipulation.

28.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been

asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or, with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

29.    **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

30.     The Defendants' Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or Litigation Expenses submitted by Plaintiffs or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or Litigation Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment, if applicable, approving the Stipulation and the settlement of the Action.

31.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ____18th____ day of _____January_____, 2024.


_____
The Honorable Jennifer L. Rochon
United States District Judge

Exhibit A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE XL FLEET CORP. SECURITIES LITIGATION | Case No. 1:21-cv-02002-JLR |

## NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Southern District New York (the "Court"), if, during the period between September 18, 2020 and March 31, 2021, both dates inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet Corp. ("XL Fleet") or Pivotal Investment Corporation II ("Pivotal"), purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, and were allegedly damaged thereby.[2]

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 6, 2023 (the "Stipulation"), which is available at www.XLFleetSecuritiesSettlement.com.

[2] "XL Fleet Securities" means, collectively, publicly traded XL Fleet and Pivotal common stock ("XL Fleet Common Stock"), publicly traded XL Fleet and Pivotal warrants (collectively, "XL Fleet Warrants"), publicly traded Pivotal units ("Pivotal Units"), publicly traded XL Fleet and Pivotal call options (collectively, "XL Fleet Call Options"), and publicly traded XL Fleet and Pivotal put options (collectively, "XL Fleet Put Options").  Prior to the business combination between Pivotal and XL Fleet on December 21, 2020 (the "Business Combination"), Pivotal common stock, Pivotal warrants and Pivotal Units (each consisting of one share of stock and one-third of a warrant) were quoted on the New York Stock Exchange ("NYSE") under the symbols "PIC," "PIC WS" and "PIC.U," respectively.  Following the Business Combination, the Pivotal Units automatically separated into the component securities and, as a result, no longer traded as a separate security and were delisted from the NYSE.  On December 22, 2020, XL Fleet Common Stock and XL Fleet Warrants began trading under the symbols "XL" and "XL WS," respectively.  On March 1, 2021, the Company redeemed all outstanding publicly held XL Fleet Warrants, and the holders of those warrants were entitled to receive $0.01 per XL Fleet

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed lead plaintiff Delton Rowe ("Lead Plaintiff") and additional plaintiffs Jeffrey Suh, Carl Enslin, Simone Heridis and Soraya Heridis (née Matamoros) (collectively, "Additional Named Plaintiffs"; and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 30 below), have reached a proposed settlement of the Action for $19,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact XL Fleet, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 104 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants XL Fleet and Jonathan J. Ledecky, James H.R. Brady, Kevin Griffin, Thomas J. Hynes III, Dimitri Kazarinoff, and Brian Piern (collectively, "Individual Defendants"; and together with XL Fleet, "Defendants") made false and/or misleading statements in violation of the federal securities laws. A more detailed description of the Action is set forth in ¶¶ 11-29 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 30 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $19,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per XL Fleet Security:** Assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.41. Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which XL Fleet Securities they purchased, when and at what prices they purchased/acquired or sold their XL Fleet Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

---

Warrant. XL Fleet is now known as Spruce Power Holding Corporation ("Spruce Power"), and its common stock currently trades under the symbol "SPRU."

4.   **Average Amount of Damages Per XL Fleet Security:**  The Parties do not agree on the average amount of damages per XL Fleet Security that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:**   Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in March of 2021, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Glancy Prongay & Murray LLP ("GPM"), will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed $33\frac{1}{3}\%$ of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $726,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $105,000.  Lead Counsel estimates that Notice and Administration Costs, which are separate from Litigation Expenses, will be approximately $273,000-$293,000.  Notice and Administration Costs may, however, be higher or lower depending on, among other things, the number of claims filed and payments made.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected XL Fleet Security, if the Court approves Lead Counsel's fee and expense application, is $0.15 per eligible security.

6.   **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Garth A. Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com.

7.   **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 39 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 40 below), so it is in your interest to |

| | submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2024 AT __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page [ ]

How Do I Know If I Am Affected By The Settlement?  Who Is Included
   In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Are Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . .  Page [ ]

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Are Settlement Class Members Affected By The Action And
   The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . Page [ ]

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?
     How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
     How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
     Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
     Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . Page [ ]

| **WHY DID I GET THE POSTCARD NOTICE?** |
|:---:|

8.   The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the XL Fleet Securities (listed above) during the Settlement Class Period.   The Court also directed that this Notice be posted online at www.XLFleetSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 93-94 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
|:---:|

11.   This litigation stems from alleged violations of the federal securities laws.  The alleged violations arise out of various statements the Defendants made which Plaintiffs alleged were false and/or misleading.  The alleged false and misleading statements concern Defendants purported failure to disclose to investors that: (a) XL Fleet had materially manipulated and

overstated its sales pipeline figures; (b) XL Fleet had been experiencing supply chain problems that impeded its ability to timely fill existing orders; (c) a large number of the customers touted by XL Fleet were inactive and no longer ordering its products; (d) the quality and benefits of XL Fleet's technology were overstated and that technology did not provide the miles-per-gallon ("MPG") savings to customers that Defendants represented; (e) XL Fleet lacked the required California Air Resources Board ("CARB") approvals required to sell its products in California; and (f) as a result of these omissions, XL Fleet's revenue projections were materially overstated.

12.    The procedural history of this Action follows below.

13.    On March 8, 2021, a class action complaint was filed in the Court, styled *Jeff Suh v. XL Fleet Corp., et al.*, 1:21-cv-02002-LGS (the "Initial Complaint"). The Initial Complaint alleged, in substance, that the Defendants failed to disclose to investors that: (a) XL Fleet inflated its sales pipeline; (b) XL Fleet's  investor presentation touting its customer base featured inactive customers; (c) XL Fleet materially overstated the MPG savings provided by it technology; (d) XL Fleet lacked the supply chain to rollout its products in the announced timeline; and (e) as a result of the foregoing, Defendants' positive statements about XL Fleet's business operations and prospects were materially misleading and/or lacked a reasonable basis.

14.    Following the filing of the Initial Complaint, on May 7, 2021, Delton Rowe filed a motion with the Court asking to be appointed lead plaintiff, which the Court granted. The Court also approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP to serve as Lead Counsel for the putative class and recaptioned the action *In re XL Fleet Corp. Securities Litigation*.

15.    On July 20, 2021, Plaintiffs filed the 143-page Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). Among other things, the Complaint alleged that Defendants made materially false and misleading statements about: (a) XL Fleet's revenue projections; (b) its sales pipeline; (c) its supply chain; (d) its customer base; (e) the return on investment provided by its technology; and (f) its CARB certification status. According to the Complaint, the alleged misrepresentations proximately caused class member losses when the truth was revealed over a series of partial corrective disclosures throughout the class period.

16.    On August 26, 2021, Defendants moved to dismiss the Complaint. On October 4, 2021, Plaintiffs opposed Defendants' motion to dismiss, and, on October 25, 2021, Defendants served their reply papers.

17.    On February 17, 2022, the Court denied Defendants' motion to dismiss in its entirety. *In re XL Fleet Corp. Sec. Litig.*, 2022 WL 493629 (S.D.N.Y Feb. 17, 2022).

18.    Defendants answered the Complaint on April 5, 2022.

19.    Following the denial of the Defendants' motion to dismiss the Complaint, discovery began. During the course of discovery, XL Fleet produced approximately one hundred twenty thousand documents—totaling more than one million pages. In addition, Plaintiffs obtained roughly 22,000 documents (totaling approximately 200,000 pages) from third parties and pursuant to a FOIA request to the CARB. Between December 2022 and February 2023, Lead Counsel deposed sixteen fact witnesses, including all six Individual Defendants, and Defendants deposed all five Plaintiffs.

20.    On March 10, 2023, Plaintiffs moved for class certification and sought appointment of

Plaintiffs as the class representatives, and the appointment of GPM as Class Counsel.

21.   On March 20, 2023, following nearly a year of discovery, the Parties attended a mediation session in New York that was overseen by a well-respected mediator of complex class actions, Jed Melnick, Esq. of JAMS.  No agreement was reached during the mediation, and the Court subsequently approved the Parties' requests to extend the case schedule while negotiations facilitated by Mr. Melnick over a potential settlement continued.

22.   On May 17, 2023, the Parties engaged in an additional mediation session before Mr. Melnick, which included negotiations with plaintiffs in certain factually related derivative actions, as well as plaintiffs in a class action pending in the Delaware Court of Chancery.  No settlement was reach during mediation and the Court again granted the Parties' request to extend the case schedule in an effort to reach a resolution.

23.   On June 17, 2023, the Parties served on each other their Responses to Requests for Admission.

24.   On August 7, 2023, the Parties filed a motion for extension of time to complete expert discovery.  The Court granted the extension.

25.   On August 28, 2023, the Parties met in person at Lead Counsel's Los Angeles office to discuss a potential settlement.  No agreement was reached during the meeting, and negotiations facilitated by Mr. Melnick over a potential settlement continued.

26.   These negotiations culminated in a recommendation by Mr. Melnick that the Parties settle the Action for a $19.5 million cash payment to the Settlement Class, in return for a release of the Settlement Class's claims against Defendants.  On September 7, 2023, the Parties accepted Mr. Melnick's recommendation.

27.   Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

28.   Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 40 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

29.   On _____, 202__, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
|---|

30.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet or Pivotal, purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, between September 18, 2020 and March 31, 2021, both dates inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer, and/or director of XL Fleet or Pivotal during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of XL Fleet and Pivotal; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.XLFleetSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____, 202_.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

31.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, Defendants would likely continue to assert that their statements were not knowingly false because Defendants disclosed supply chain problems, the customers they identified had

previously purchased XL Fleet products, testing performed by XL Fleet supported its MPG savings claims, and Defendants believed they would soon regain CARB approval.  Defendants would likely also assert that their statements relating to XL Fleet's sales pipeline and revenue projections were protected from liability as forward-looking statements.  Even if those hurdles to establishing liability were overcome, Defendants would likely assert that the statements at issue did not cause investors' losses, and would likely contest the existence and amount of any damages that could be attributed to the allegedly false statements.  To receive any recovery, Plaintiffs would have to prevail at several stages, including class certification and summary judgment.  If Plaintiffs' claims made it to trial and Plaintiffs prevailed, appeals would likely follow.  Thus, there were significant risks attendant to the continued prosecution of the Action.

32.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $19,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

33.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

34.   If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

35.   As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page _ below.

36.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How

Do I Exclude Myself?," on page _____ below.

37. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

38. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claim (as defined in ¶ 39 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees (as defined in ¶ 40 below) (including, without limitation, Unknown Claims) whether or not such Settlement Class Members execute and deliver the Proof of Claim or share in the Net Settlement Fund, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Defendants' Releasees in any court of law or equity, arbitral forum, administrative forum, or in the court of any foreign jurisdiction, whether or not such Settlement Class Members execute and deliver the Proof of Claim or share in the Net Settlement Fund.

39. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, heretofore or previously existed, or may hereafter exist, arising under federal, state, common or foreign law, that Plaintiffs or any other members of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted or could in the future assert in any federal, state, or foreign court, tribunal, forum, or proceeding that arise out of, relate to or are based upon the allegations, transactions, facts, matters or occurrences, representations, statements or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase and/or acquisition of publicly traded XL Fleet Securities during the Settlement Class Period, with the exception of any claims asserted in *In re XL Fleet (Pivotal) Stockholder Litig.*, C.A. No. 2121-0808 (Del. Ch.) (the "Stockholder Litigation"). Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims asserted in the following actions: (a) *Kay v. Frodl,* Case No. 1:22-cv-10977-NMG (D. Mass.); (b) *In re Spruce Power Holding Corp. Deriv. Litig.*, Case No. 1:23-cv-00289-MN (D. Del.); (c) *Tucci v. XL Fleet Inc.*, Case No. 1:23-cv-00322-MN (D. Del.); and (d) *Boyce v. Ledecky, et al.*, Case No. 1:23-cv-8591 (S.D.N.Y.); (iii) any derivative claims by Sham Lakhani and Matthew Waldman, purported shareholders who have made demands upon XL Fleet, as well as purported shareholder Val Kay; (iv) any claims asserted in the Stockholder Litigation; and (v) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

40.   "Defendants' Releasees" means (i) each Defendant; (ii) the Immediate Family members of the Individual Defendants; (iii) direct or indirect parent entities, subsidiaries, related entities, and affiliates of XL Fleet and Pivotal; (iv) any trust of which any Individual Defendant is the settler or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

41.   "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claim (as defined in ¶ 43 below) on behalf of Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 44 below) (including, without limitation, Unknown Claims), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims (including, without limitation, Unknown Claims) against any of the Plaintiffs' Releasees.

43.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state,

11

common or foreign law, that arise out of, relate to or are based upon the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

44.    "Plaintiffs' Releasees" means (i) Plaintiffs, all Settlement Class members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, any other counsel for Plaintiffs in the Action, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
|---|

45.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2024.**  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.XLFleetSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-829-2940.  Please retain all records of your ownership of and transactions in XL Fleet Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

46.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid nineteen million five hundred thousand dollars ($19,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or

review, whether by certiorari or otherwise, has expired.

49.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

50.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 39 above) against the Defendants' Releasees (as defined in ¶ 40 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

52.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in XL Fleet Securities held through the ERISA Plan in any Claim Form that they submit.  They should include ONLY those securities that they purchased or acquired outside of the ERISA Plan.  XL Fleet's, Pivotal's, and Spruce Power's employee retirement and/or benefit plan(s) are excluded from the Settlement Class.

53.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

54.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

55.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired XL Fleet Securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are the XL Fleet Securities.

## PROPOSED PLAN OF ALLOCATION

56.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas described below ("Recognized Loss").

57.   A Recognized Loss will be calculated for (i) each share of XL Fleet Common Stock

13

purchased or otherwise acquired during the Settlement Class Period (including shares acquired through the exercise of an XL Fleet Warrant or publicly traded option), (ii) each XL Fleet Call Option purchased or otherwise acquired during the Settlement Class Period, and (iii) each XL Fleet and Put Option sold (written) during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably to the extent that it is economically feasible.

58. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of XL Fleet Common Stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of the XL Fleet Common Stock during the Settlement Class Period is reflected in Table 1, below. The computation of the estimated alleged artificial inflation in the price of XL Fleet Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

59. The U.S. securities laws allow investors to seek to recover losses caused by disclosures that correct the defendants' previous misleading statements or omissions. In this Action, Plaintiffs allege that corrective disclosures removed the artificial inflation in the price of XL Fleet Common Stock on the following dates: March 3, 2021, March 4, 2021, and April 1, 2021 (the "Corrective Disclosure Dates"). Defendants deny that they made any misleading statements or omissions and therefore also deny that corrective disclosures were made. In order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to XL Fleet Common Stock and XL Fleet Call Options, those securities must have been purchased or acquired during the Settlement Class Period and held at the opening of trading on at least one of the Corrective Disclosure Dates; and, with respect to XL Fleet Put Options, those options must have been sold (written) during the Settlement Class Period and still outstanding at the opening of trading on at least one of the Corrective Disclosure Dates.

60. To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss for those transactions will be zero.

| Table 1[3] | | |
| :---: | :---: | :---: |
| Artificial Inflation in XL Fleet Common Stock | | |
| **From** | **To** | **Per-Share Price Inflation** |
| September 18, 2020 | March 2, 2021 | $3.60 |
| March 3, 2021 | March 3, 2021 | $2.25 |
| March 4, 2021 | March 31, 2021 | $1.05 |
| April 1, 2021 | Thereafter | $0.00 |

61.    The per-share Recognized Loss for XL Fleet Common Stock shall be the Recognized Loss amount as described below in "XL Fleet Common Stock Recognized Loss Calculations." The per-option Recognized Loss for XL Fleet Call Options shall be the Recognized Loss amount as described below in "XL Fleet Call Option Recognized Loss Calculations."  The per-option Recognized Loss for XL Fleet Put Options shall be the Recognized Loss amount as described below in "XL Fleet Put Option Recognized Loss Calculations."

62.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for XL Fleet Common Stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on XL Fleet Common Stock acquired during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period"[4]) cannot exceed the difference between the purchase price paid for such stock and the average closing price of the stock during the 90-Day Lookback Period. The Recognized Loss on a XL Fleet Common Stock acquired during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

63.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in XL Fleet Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

64.    A Recognized Loss will be calculated as set forth below for each purchase or acquisition of XL Fleet Common Stock and XL Fleet Call Options, and for each writing of XL Fleet Put Options, during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

**XL Fleet Common Stock Recognized Loss Calculations**

65.     For each share of XL Fleet Common Stock purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss shall be calculated as follows:

---

[3] After the Settlement Class Period, on October 9, 2023, Spruce Power completed a 1-for-8 reverse stock split of its common stock.  Herein, share quantities and prices of are not adjusted for this reverse stock split.

[4] The Settlement Class Period ends on March 31, 2021. The 90-Day Lookback Period is April 1, 2021 through June 29, 2021, inclusive.

i.  For each share that was sold or redeemed prior to March 3, 2021, the Recognized Loss is $0.00.

ii.  For each share that was acquired during the Settlement Class Period and subsequently sold during the period March 3, 2021 through March 31, 2021, both dates inclusive, the Recognized Loss is *the lesser of*:

    a.  the price inflation on the date of purchase as provided in Table 1 above *minus* the price inflation on the date of sale as provided in Table 1 above; or

    b.  the purchase price *minus* the sale price.

iii.  For each share that was acquired during the Settlement Class Period and subsequently sold during the period April 1, 2021 through June 29, 2021, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss is *the least of*:

    a.  the price inflation on the date of purchase as provided in Table 1 above; or

    b.  the purchase price *minus* the sale price; or

    c.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

iv.  For each share that was acquired during the Settlement Class Period and still held as of the close of trading on June 29, 2021, the Recognized Loss is *the lesser of*:

    a.  the price inflation on the date of purchase as provided in Table 1 above; or

    b.  the purchase price *minus* the average closing price for XL Fleet Common Stock during the 90-Day Lookback Period, which is $7.35.

| Table 2 XL Fleet Common Stock 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value |
| 4/1/2021 | $7.89 | 5/3/2021 | $7.24 | 6/2/2021 | $6.88 |
| 4/5/2021 | $7.69 | 5/4/2021 | $7.20 | 6/3/2021 | $6.91 |
| 4/6/2021 | $7.91 | 5/5/2021 | $7.16 | 6/4/2021 | $6.93 |
| 4/7/2021 | $8.09 | 5/6/2021 | $7.12 | 6/7/2021 | $6.96 |
| 4/8/2021 | $8.18 | 5/7/2021 | $7.08 | 6/8/2021 | $7.00 |
| 4/9/2021 | $8.16 | 5/10/2021 | $7.03 | 6/9/2021 | $7.04 |
| 4/12/2021 | $8.05 | 5/11/2021 | $7.00 | 6/10/2021 | $7.08 |
| 4/13/2021 | $7.99 | 5/12/2021 | $6.95 | 6/11/2021 | $7.11 |
| 4/14/2021 | $7.89 | 5/13/2021 | $6.91 | 6/14/2021 | $7.14 |
| 4/15/2021 | $7.76 | 5/14/2021 | $6.88 | 6/15/2021 | $7.16 |
| 4/16/2021 | $7.65 | 5/17/2021 | $6.86 | 6/16/2021 | $7.18 |
| 4/19/2021 | $7.55 | 5/18/2021 | $6.86 | 6/17/2021 | $7.19 |
| 4/20/2021 | $7.44 | 5/19/2021 | $6.86 | 6/18/2021 | $7.21 |
| 4/21/2021 | $7.40 | 5/20/2021 | $6.86 | 6/21/2021 | $7.22 |
| 4/22/2021 | $7.35 | 5/21/2021 | $6.86 | 6/22/2021 | $7.23 |
| 4/23/2021 | $7.34 | 5/24/2021 | $6.86 | 6/23/2021 | $7.25 |
| 4/26/2021 | $7.34 | 5/25/2021 | $6.85 | 6/24/2021 | $7.28 |
| 4/27/2021 | $7.33 | 5/26/2021 | $6.85 | 6/25/2021 | $7.30 |
| 4/28/2021 | $7.32 | 5/27/2021 | $6.85 | 6/28/2021 | $7.33 |
| 4/29/2021 | $7.30 | 5/28/2021 | $6.85 | 6/29/2021 | $7.35 |
| 4/30/2021 | $7.27 | 6/1/2021 | $6.86 | | |

**XL Fleet Call Option Recognized Loss Calculations**

66.    For each XL Fleet Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss per option shall be calculated as follows:

   i.  For each call option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

   ii. For each call option purchased during the Settlement Class Period, and held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

   a. that was subsequently sold prior to the close of trading on April 1, 2021, the Recognized Loss is the purchase price *minus* the sale price.

   b. that was subsequently exercised prior to the close of trading on April 1, 2021, the Recognized Loss is the purchase price *minus* the intrinsic value of the call option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of XL Fleet Common Stock on the date of exercise *minus* the strike price of the option.

17

    c.   that expired unexercised prior to the close of trading on April 1, 2021, the Recognized Loss is equal to the purchase price.

    d.   that was still held as of the close of trading on April 1, 2021, the Recognized Loss is the purchase price *minus* the intrinsic value of the call option as of the close of trading on April 1, 2021 where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $7.89[5]  *minus* the strike price of the option.

67.    No Recognized Loss shall be calculated based upon the purchase or acquisition of any XL Fleet Call Option that had been previously sold or written.

### XL Fleet Put Option Recognized Loss Calculations

68.    For each XL Fleet Put Option written during the Settlement Class Period, the Recognized Loss per option shall be calculated as follows:

    i.   For each put option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

    ii.   For each put option sold during the Settlement Class Period, and still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

        a.   that was subsequently purchased prior to the close of trading on April 1, 2021, the Recognized Loss is the purchase price *minus* the sale price.

        b.   that was subsequently exercised (*i.e.* assigned) prior to the close of trading on April 1, 2021, the Recognized Loss is the intrinsic value of the put option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of XL Fleet Common Stock on the date of exercise.

        c.   that expired unexercised prior to the close of trading on April 1, 2021, the Recognized Loss is $0.00.

        d.   that was still outstanding as of the close of trading on April 1, 2021, the Recognized Loss is the intrinsic value of the put option as of the close of trading on April 1, 2021 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $7.89.

69.    No Recognized Loss shall be calculated based upon the sale or writing of any XL Fleet Put Option that had been previously purchased or acquired.

70.    **Maximum Recovery for XL Fleet Call and Put Options:** Settlement proceeds available for XL Fleet Call Options purchased during the Settlement Class Period and XL Fleet Put Options written during the Settlement Class Period shall be limited to a total amount equal to 4% of the Net Settlement Fund.

### ADDITIONAL PROVISIONS

71.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim"

---

[5] $7.89 is the closing price of XL Fleet Common Stock on April 1, 2021.

under the Plan of Allocation will be the sum of his, her, or its Recognized Loss amounts as calculated above with respect to all XL Fleet Securities.

72.    **FIFO Matching:** All purchases/acquisitions and dispositions (*i.e.*, sales, redemptions and exercises) shall be matched on a First In, First Out ("FIFO") basis.  Under FIFO, dispositions of XL Fleet Common Stock and XL Fleet Call Options will be matched first against any holdings of like securities at the beginning of the Settlement Class Period, and then against purchases/acquisitions of like securities in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.  For XL Fleet Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against XL Fleet Put Options sold (written) during the Settlement Class Period in chronological order.

73.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of XL Fleet Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of XL Fleet Securities during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of these XL Fleet Securities for the calculation of a Claimant's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such XL Fleet Securities unless (i) the donor or decedent purchased or otherwise acquired such XL Fleet Securities during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such XL Fleet Securities.

74.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of XL Fleet Common Stock.  The date of a "short sale" is deemed to be the date of sale of the XL Fleet Common Stock.  Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Claimant has a short position in XL Fleet Common Stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

75.    If a Settlement Class Member has "written" XL Fleet Call Options, thereby having a short position in such call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option.  The date on which the call option was written is deemed to be the date of sale of the call option.  In accordance with the Plan of Allocation, however, the Recognized Loss on "written" XL Fleet Call Options is zero.  In the event that a Claimant has a written position in XL Fleet Call Options, the earliest purchases or acquisitions of like call options during the Settlement Class Period shall be matched against such written position, and shall not be entitled to a recovery, until that written position is fully covered.

76.    If a Settlement Class Member has purchased or acquired XL Fleet Put Options, thereby having a long position in such put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option.  The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option.  In accordance with the Plan of Allocation, however, the Recognized Loss on purchased/acquired XL Fleet Put Options is zero.  In the event that a Claimant has a long position in XL Fleet Put Options, the earliest

sales or dispositions of like put options during the Settlement Class Period shall be matched against such position, and not be entitled to a recovery, until that long position is fully covered.

77. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to XL Fleet Common Stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of XL Fleet Common Stock acquired during the Settlement Class Period through the exercise of a publicly traded option shall be computed as provided for other purchases of XL Fleet Common Stock in the Plan of Allocation.

78. **Common Stock Acquired Through Exercised Warrants:** With respect to XL Fleet Common Stock purchased through the exercise of an XL Fleet Warrant, the purchase date of the stock shall be the exercise date of the warrant, and the purchase price of the stock shall be $11.50. Any Recognized Loss arising from purchases of XL Fleet Common Stock acquired during the Settlement Class Period through the exercise of a warrant shall be computed as provided for other purchases of XL Fleet Common Stock in the Plan of Allocation.

79. **Separated Pivotal Units:** Pivotal Units purchased during the Settlement Class Period that were subsequently separated into their component securities prior to or in connection with the Business Combination (*i.e.*, separated into one share of XL Fleet Common Stock and one-third of an XL Fleet Warrant), shall be treated as a purchase of the component securities received upon the separation of such Pivotal Units at a per-security purchase price equal to the closing price of each component security received on the date of separation.[6]

80. **Common Stock Acquired Through PIPE Subscription Agreements:** Shares of XL Fleet Common Stock issued and sold pursuant to the PIPE Subscription Agreements entered into on September 17, 2020 in connection with the Business Combination are not securities eligible to participate in the Settlement.

81. **Common Stock Issued to Legacy XL Fleet Security Holders:** Shares of XL Fleet Common Stock issued to legacy XL Fleet security holders upon the consummation of the Business Combination are not securities eligible to participate in the Settlement.

82. **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in XL Fleet Common Stock, XL Fleet Call Options, and XL Fleet Put Options during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in XL Fleet Common Stock, XL Fleet Call Options, and XL Fleet Put Options during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

83. With respect to XL Fleet Common Stock and XL Fleet Call Options acquired during the Settlement Class Period, for purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions during the Settlement Class Period or suffered a

---

[6] Pivotal Units purchased prior to the Settlement Class Period that were subsequently separated into their component securities during the Settlement Class Period are not securities eligible to participate in the Settlement.

market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and the Total Holding Value.[9]  If the Claimant's Total Purchase Amount _minus_ the sum of the Total Sales Proceeds and the Total Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.  With respect to XL Fleet Put Options sold (written) during the Settlement Class Period, the Claims Administrator shall determine the difference between (i) the sum of the Total Purchase Amount[10] and the Total Holding Value;[11]  and (ii) the Total Sales Proceeds.[12]  For XL Fleet Put Options, if the sum of the Total Purchase Amount and the Total Holding Value _minus_ the Total Sales Proceeds is a positive number, that number will be the Claimant's market loss; if the number is a negative number or zero, that number will be the

---

[7] For XL Fleet Common Stock and XL Fleet Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for such securities acquired during the Settlement Class Period.

[8] For XL Fleet Common Stock and XL Fleet Call Options, the Claims Administrator shall match a Claimant's dispositions (_i.e._, sales, redemptions) during the Settlement Class Period against his, her or its opening position in like securities, if any, on a FIFO basis (the proceeds of those disposition will not be considered for purposes of calculating market gains or losses).  The total amount received for the remaining dispositions during the Settlement Class Period (excluding commissions and other charges) shall be the Claimant's "Total Sales Proceeds."

[9] The Claims Administrator shall ascribe a "Holding Value" to shares of XL Fleet Common Stock acquired during the Settlement Class Period and still held as of the close of trading on March 31, 2021 of $7.89 per share (_i.e._, the closing price of the stock on the last Corrective Disclosure Date).  For each XL Fleet Call Option acquired during the Settlement Class Period that was still held as of the close of trading on March 31, 2021, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be _the greater of_: (i) $0.00 or (ii) the strike price of the option minus $7.89.  A Claimant's total Holding Values for XL Fleet Common Stock and XL Fleet Call Options acquired during the Settlement Class Period that were still held as of the close of trading on March 31, 2021 shall be the Claimant's "Total Holding Value."

[10] For XL Fleet Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in the options first against the Claimant's opening position in the options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses). The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in put options is the "Total Purchase Amount."

[11] For each XL Fleet Put Option sold (written) during the Settlement Class Period that was still outstanding as of the close of trading on March 31, 2021, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be _the greater of_: (i) $0.00 or (ii) the strike price of the option _minus_ $7.89.  A Claimant's total Holding Values for all XL Fleet Put Options sold during the Settlement Class Period that were still outstanding as of the close of trading on March 31, 2021 shall be the Claimant's "Total Holding Value."

[12] For XL Fleet Put Options, the total amount received for put options sold (written) during the Settlement Class Period is the "Total Sales Proceeds."

Claimant's market gain.

84.    **Determination of Distribution Amount**:  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.  Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

85.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, and Taxes, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Public Justice Foundation, or such other non-sectarian, not-for-profit organization(s) approved by the Court.

86.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.XLFleetSecuritiesSettlement.com.

87.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants, and there shall be no appeal to any court, including the U.S. Court of Appeals for the Second Circuit.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be deemed to have knowingly and intentionally waived the right to appeal any decision of the Court with respect to the administration, processing, payment, and determination of Claims and the determination of all controversies relating thereto.  No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

88.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.   Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed $33^1/_3$% of the Settlement Fund.[13]   At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $726,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $105,000.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.   Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
| --- |

89.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re XL Fleet Corp. Sec. Litig.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.   The exclusion request must be ***received*** no later than _____, 2024.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re XL Fleet Corp. Sec. Litig.*, Case No. 1:21-cv-02002-JLR"; and (c) be signed by the person or entity requesting exclusion or an authorized representative.   In addition, a request for exclusion must state the number and type of XL Fleet Securities that the person or entity requesting exclusion purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

90.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the Defendants' Releasees concerning the Released Claims.  Please note, however, if you decide to exclude yourself from

---

[13] Lead Counsel intends to share a portion of any attorneys' fees awarded by the Court with The Law Offices of Howard J. Smith, 3070 Bristol Pike, Suite 112, Bensalem PA 19020, in accordance with its level of contribution to the initiation, prosecution, and resolution of the Action.

the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

91.   If you ask to be excluded from the Settlement Class, do not submit a Claim Form because you cannot receive any payment from the Settlement Fund.  If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

92.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

93.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

94.   The Settlement Hearing will be held on _____, 2024 at __:__ .m., before the Honorable Jennifer L. Rochon at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

95.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers, briefs, or other documents upon which the objection is based with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2024.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before** _____**, 2024**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court United States Courthouse 500 Pearl Street New York, NY 10007 | **Glancy Prongay & Murray LLP** Attn: Garth A. Spencer, Esq. 1925 Century Park East Suite 2100 Los Angeles, CA 90067 | **Troutman Pepper Hamilton Sanders LLP** Attn: Jay A. Dubow, Esq. 3000 Two Logan Square 18th and Arch Streets Philadelphia, PA 19103 |
| | | **Willkie Farr & Gallagher LLP** Attn: William Stellmach, Esq. 1875 K Street, N.W. Washington, D.C. 20006 |
| | | **McDermott Will & Emery LLP** Attn: Caitlyn M. Campbell, Esq. 200 Clarendon Street Floor 58 Boston, MA 02116 |
| | | **Ropes & Gray LLP** Attn: R. Daniel O'Connor, Esq. Prudential Tower 800 Boylston Street Boston, MA 02199-3600 |

96.   Any objection must: (a)  state the name, address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector is represented by counsel; (b)  contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) a statement of whether the objector intends to appear at the Settlement Hearing; and (d)  include documents sufficient to prove membership in the Settlement Class, including the number and type of XL Fleet Securities that the person or entity objecting purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.

25

In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

97.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

98.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before _____, 2024**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

99.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 95 above so that the notice is ***received*** **on or _____, 2024**.

100.  The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

101.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

102.  If you purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet or Pivotal, purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, from September 18, 2020 and March 31, 2021, both dates inclusive, for the beneficial interest of persons or organizations other than yourself, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request a link to the Notice and Claim Form and, within seven (7) calendar

days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to *In re XL Fleet Corp. Sec. Litig.*, c/o A.B. Data, Ltd., P.O. Box 173053, Milwaukee, WI 53217. If you choose option (c), the Claims Administrator will send a copy of the Postcard Notice, or email a link to the Notice and Claim Form, to the beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

103.  Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.03 per email for emailing notice; or (c) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF.  POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.

| |
|---|
| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

104.  This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 100077. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.XLSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

|  |  |  |
|---|---|---|
| *In re XL Fleet Corp. Securities Litigation* | and/or | Garth A. Spencer, Esq. |
| *c/o* A.B. Data, Ltd. | | Glancy Prongay & Murray LLP |
| P.O. Box 173053 | | 1925 Century Park East, Suite 2100 |
| Milwaukee, WI 53217 | | Los Angeles, CA 90067 |
| 877-829-2940 | | (310) 201-9150 |
| www.XLSecuritiesSettlement.com | | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 202__

By Order of the Court
United States District Court for the

Southern District of New York

**Exhibit A-2**

*In re XL Fleet Corp. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173053**
**Toll-Free: (877) 829-2940**
**Email: info@XLFleetSecuritiesSettlement.com**
**Settlement Website: www.XLFleetSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online at www.XLFleetSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than _____, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN PIVOTAL UNITS** | _ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN XL FLEET COMMON STOCK** | _ |
| **PART V – SCHEDULE OF TRANSACTIONS IN XL FLEET CALL OPTIONS** | _ |
| **PART VI – SCHEDULE OF TRANSACTIONS IN XL FLEET PUT OPTIONS** | _ |
| **PART VII – RELEASE OF CLAIMS AND SIGNATURE** | _ |

## PART I – CLAIMANT INFORMATION

**(Please read General Instructions below before completing this page.)**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                State          Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):
☐   Individual (includes joint owner accounts)          ☐   Pension Plan          ☐   Trust

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

☐   Corporation             ☐   Estate

☐   IRA/401K              ☐   Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the Releases described in the Settlement Notice and provided for in this Claim Form.

2.      This Claim Form is directed to all persons and entities that, during the period between September 18, 2020 and March 31, 2021, both dates inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet Corp. ("XL Fleet") or Pivotal Investment Corporation II ("Pivotal"), purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, and were allegedly damaged thereby.[2] "XL Fleet Securities" means, collectively, publicly traded XL Fleet and Pivotal common stock (collectively, "XL Fleet Common Stock"), XL Fleet and Pivotal warrants (collectively, "XL Fleet Warrants"), Pivotal units ("Pivotal Units"), XL Fleet and Pivotal call options (collectively, "XL Fleet Call Options"), and XL Fleet and Pivotal put options (collectively, "XL Fleet Put Options"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control

---

[2]   Prior to the business combination between Pivotal and XL Fleet on December 21, 2020 (the "Business Combination"), Pivotal common stock, Pivotal warrants and Pivotal Units (each consisting of one share stock and one-third of one warrant) were quoted on the New York Stock Exchange ("NYSE") under the symbols "PIC," "PIC WS" and "PIC.U," respectively. Following the Business Combination, the Pivotal Units automatically separated into the component securities and, as a result, no longer traded as a separate security and were delisted from the NYSE. On December 22, 2020, XL Fleet Common Stock and XL Fleet Warrants began trading under the symbols "XL" and "XL WS," respectively. On March 1, 2021, the Company redeemed all outstanding publicly held XL Fleet Warrants, and the holders of those warrants were entitled to receive $0.01 per XL Fleet Warrant. XL Fleet is now known as Spruce Power Holding Corporation ("Spruce Power"), and its common stock currently trades under the symbol "SPRU."

person, officer, and/or director of XL Fleet or Pivotal during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of XL Fleet and Pivotal; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by, or are under common control with one of the Defendants.

4.      If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedules of Transactions in Parts III–VI of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable XL Fleet Securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable XL Fleet Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note:  Purchases/acquisitions of XL Fleet Common Stock after the Settlement Class Period are not eligible for a recovery from the Settlement.  However, because the law provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of XL Fleet Common Stock during the period from September 18, 2020 to June 29, 2021, inclusive,

in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the XL Fleet Securities set forth in the Schedules of Transactions in Parts III–VI of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in XL Fleet Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired XL Fleet Securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired XL Fleet Securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the XL Fleet Securities; and

(c)     furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the XL Fleet Securities you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator at *In re XL Fleet Power Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173053, Milwaukee, WI 53217,  or by email at info@XLFleetSecuritiesSettlement.com, or by toll-free phone at (877) 829-2940or you may download the documents from the Settlement website, www.XLFleetSecuritiesSettlement.com.

19.     **NOTICE REGARDING ELECTRONIC FILES:**  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the electronic filing requirements and file layout, you may visit the Settlement website at www.XLFleetSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (877) 829-2940.**

**PART III – SCHEDULE OF TRANSACTIONS IN PIVOTAL UNITS (SYMBOL: PIC.U)**

Complete this Part III if and only if you purchased or otherwise acquired Pivotal Units during the period from September 18, 2020, through and including December 21, 2020.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above.  Do not include information in this section regarding securities other than Pivotal Units.

| | |
|---|---|
| **1.  BEGINNING HOLDINGS:** State the total number of Pivotal Units held as of the opening of trading on September 18, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | |

**2.   PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH DECEMBER 21, 2020:** Separately list each and every purchase/acquisition (including free receipts) of Pivotal Units from after the opening of trading on September 18, 2020, through and including the close of trading on December 21, 2020.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Units Purchased | Purchase Price Per Unit | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

| **3.   SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH DECEMBER 21, 2020:**  Separately list each and every sale (including free deliveries) of Pivotal Units from after the opening of trading on September 18, 2020, through and including the close of trading on December 21, 2020.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units Sold | Sale Price Per Unit | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

| **4.  SEPARATION OF UNITS DURING THE SETTLEMENT CLASS PERIOD THROUGH DECEMBER 21, 2020:**  Separately list each and every separation of Pivotal Units into the underlying component securities from after the opening of trading on September 18, 2020, through and including December 21, 2020.[3]  (Must be documented.): | **IF NONE, CHECK HERE** ○ |
| --- | --- |

| Separation Date (List Chronologically) (Month/Day/Year) | Number of Shares of XL Fleet Common Stock Received Upon Separation | Number of XL Fleet Warrants Received Upon Separation |
| --- | --- | --- |
| /      / | | |
| /      / | | |
| /      / | | |
| /      / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

[3] Component securities received during the Settlement Class Period upon the separation of Pivotal Units that were purchased prior to the Settlement Class Period are not eligible for a recovery from the Settlement.

## PART IV – SCHEDULE OF TRANSACTIONS IN XL FLEET COMMON STOCK

Complete this Part IV if and only if you purchased or otherwise acquired XL Fleet Common Stock during the period from September 18, 2020, through and including March 31, 2021.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above.  Do not include information in this section regarding securities other than XL Fleet Common Stock.[4]

**1.  BEGINNING HOLDINGS:** State the total number of shares of XL Fleet Common Stock held as of the opening of trading on September 18, 2020.   (Must be documented.)   If none, write "zero" or "0."
_____

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase/acquisition (including free receipts) of XL Fleet Common Stock from after the opening of trading on September 18, 2020, through and including the close of trading on March 31, 2021.  (Must be documented.)  **Please note:** Do not include in this section acquisitions of XL Fleet Common Stock that resulted from the separation of Pivotal Units (such acquisitions should be included in Part III item (4), above).

| Date of Purchase (List Chronologically) (Month/Day/Year) | Ticker Symbol (PIC or XL) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | If applicable, fill in below for each transaction "W"- Exercise of Warrant "O" – Exercise of Stock Option "PIPE" - Acquired through PIPE Subscription Agreement "LEGACY SHARES" - Issued to Legacy XL Fleet Security Holders |
|---|---|---|---|---|---|
| /    / | | | $ | $ | |
| /    / | | | $ | $ | |
| /    / | | | $ | $ | |
| /    / | | | $ | $ | |

---

[4] Herein, "XL Fleet Common Stock" refers to: (i) the common stock of Pivotal Investment Corporation II, listed on the NYSE under the symbol "PIC" through December 21, 2020; and (ii) the common stock of XL Fleet Corp., that commenced trading on the NYSE on December 22, 2020 under the ticker symbol "XL" following the merger of Pivotal and XL Fleet.

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD:** State the total number of shares of XL Fleet Common Stock purchased/acquired (including free receipts) from after the opening of trading on April 1, 2021, through and including the close of trading on June 29, 2021.  If none, write "zero" or "0." _____

| **4. SALES AND REDEMPTIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH JUNE 29, 2021:**  Separately list each and every sale (including free deliveries) and redemption of XL Fleet Common Stock from after the opening of trading on September 18, 2020, through and including the close of trading on June 29, 2021. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale/Redemption (List Chronologically) (Month/Day/Year) | Ticker Symbol (PIC or XL) | Number of Shares Sold/Redeemed | Sale/Redemption Price Per Share | Total Sale/Redemption Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| /    / | | | $ | $ |
| /    / | | | $ | $ |
| /    / | | | $ | $ |
| /    / | | | $ | $ |

**5. ENDING HOLDINGS:**  State the total number of shares of XL Fleet Common Stock held as of the close of trading on June 29, 2021.  (Must be documented.)  If none, write "zero" or "0." _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V– SCHEDULE OF TRANSACTIONS IN XL FLEET CALL OPTIONS

Complete this Part IV if and only if you purchased or otherwise acquired XL Fleet Call Options during the period from September 18, 2020, through March 31, 2021, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than XL Fleet Call Options.[5]

| 1.  BEGINNING HOLDINGS – Separately list all positions in XL Fleet Call Option contracts in which you had an open interest as of the opening of trading on September 18, 2020.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

| 2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 1, 2021 – Separately list each and every purchase/acquisition (including free receipts) of XL Fleet Call Option contracts from after the opening of trading on September 18, 2020, through and including the close of trading on April 1, 2021.  (Must be documented.) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date of Purchase (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Acquired | Purchase Price Per Call Option Contract | Total Purchase Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
| /    / | $ | /    / | | | $ | $ | | /    / |
| /    / | $ | /    / | | | $ | $ | | /    / |
| /    / | $ | /    / | | | $ | $ | | /    / |
| /    / | $ | /    / | | | $ | $ | | /    / |

---

[5] Herein, "XL Fleet Call Options" refers to: (i) exchange traded call options with Pivotal common stock (ticker symbol "PIC") as the underlying security through December 21, 2020; and (ii) exchange traded call options with XL Fleet common stock (ticker symbol "XL") as the underlying security commencing December 22, 2020.  On December 22, 2020, the option symbol for XL Fleet Call Options changed from "PIC" to "XL."

| 3.  SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 1, 2021 – Separately list each and every sale/disposition (including free deliveries) of XL Fleet Call Options contracts from after the opening of trading on September 18, 2020, through and including the close of trading on April 1, 2021.  (Must be documented.) | | | | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | |
| /    / | $ | /    / | | | $ | $ | |
| /    / | $ | /    / | | | $ | $ | |
| /    / | $ | /    / | | | $ | $ | |
| /    / | $ | /    / | | | $ | $ | |

| 4.  ENDING HOLDINGS – Separately list all positions in XL Fleet Call Option contracts in which you had an open interest as of the close of trading on April 1, 2021.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART VI – SCHEDULE OF TRANSACTIONS IN XL FLEET PUT OPTIONS

Complete this Part V if and only if you sold (wrote) XL Fleet Put Options during the period from September 18, 2020, through March 31, 2021, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than XL Fleet Put Options.[6]

| 1.   BEGINNING HOLDINGS – Separately list all positions in XL Fleet Put Option contracts in which you had an open interest as of the opening of trading on September 18, 2020.  (Must be documented.) | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /   / | | |
| $ | /   / | | |
| $ | /   / | | |
| $ | /   / | | |

**2.   SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 1, 2021** – Separately list each and every sale (writing) (including free deliveries) of XL Fleet Put Option contracts from after the opening of trading on September 18, 2020, through and including the close of trading on April 1, 2021.  (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| /   / | $ | /   / | | | | $ | | /   / |
| /   / | $ | /   / | | | | $ | | /   / |
| /   / | $ | /   / | | | | $ | | /   / |
| /   / | $ | /   / | | | | $ | | /   / |

[6] Herein, "XL Fleet Put Options" refers to: (i) exchange traded put options with Pivotal common stock (ticker symbol "PIC") as the underlying security through December 21, 2020; and (ii) exchange traded put options with XL Fleet common stock (ticker symbol "XL") as the underlying security commencing December 22, 2020.  On December 22, 2020, the option symbol for XL Fleet Put Options changed from "PIC" to "XL."

**3.   PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 1, 2021** – Separately list each and every purchase/acquisition (including free receipts) of XL Fleet Put Option contracts from after the opening of trading on September 18, 2020, through and including the close of trading on April 1, 2021.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Purchase (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased | Purchase Price Per Put Option Contract | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |
| /    / | $ | /    / | | | | $ |

**4.   ENDING HOLDINGS** – Separately list all positions in XL Fleet Put Option contracts in which you had an open interest as of the close of trading on April 1, 2021.  (Must be documented.)

**IF NONE, CHECK HERE** ○

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## *PART VII – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON*

## *PAGE [   ] OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves), and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), that:

1.     I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     The Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.     I (we) own(ed) the XL Fleet Securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.     The Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of XL Fleet Securities, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.     The Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.     I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.     The Claimant(s) waive(s) the right to trial by jury and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Claim Form and knowingly and intentionally waive(s) any right of appeal to any court including the U.S. Court of Appeals for the Second Circuit;

8.     I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      The Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                        Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                    Date

_____

Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant           Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE _ OF THIS CLAIM FORM.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 829-2940.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@XLFleetSecuritiesSettlement.com, or toll-free at **(877) 829-2940** or visit www.XLFleetSecuritiesSettlement.com.  Please DO NOT call _____ or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____**, 2024**, ADDRESSED AS FOLLOWS:

*In re XL Fleet Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173053
Milwaukee, WI 53217

**OR SUBMITTED ONLINE AT www.XLFleetSecuritiesSettlement.com ON OR BEFORE _____, 2024**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2024 is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

        You should be aware that it will take a significant amount of time to fully process all of

the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

Exhibit A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE XL FLEET CORP. SECURITIES LITIGATION | Case No. 1:21-cv-02002-JLR |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons and entities that purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet Corp. ("XL Fleet")[1] or Pivotal Investment Corporation II ("Pivotal"), purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, between September 18, 2020 and March 31, 2021, both dates inclusive, and were allegedly damaged thereby[2] (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that for purposes of settlement and subject to approval by the Court, the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $19,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

---

[1] XL Fleet is now known as Spruce Power Holding Corporation.

[2] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 6, 2023 (the "Stipulation"), which is available at www.XLFleetSecuritiesSettlement.com.

A hearing will be held on _____, 2024 at __:__  .m., before the Honorable Jennifer L. Rochon at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 20B, 500 Pearl Street, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights may be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.XLFleetSecuritiesSettlement.com.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re XL Fleet Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173053, Milwaukee, WI 53217, 1-877-829-2940.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2024.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action, including the Releases provided for therein.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or Defendants' counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Garth A. Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

(310) 201-9150
info@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*In re XL Fleet Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173053
Milwaukee, WI 53217
877-829-2940
www.XLFleetSecuritiesSettlement.com

By Order of the Court

**Exhibit A-4**

In re XL Fleet Corp. Sec. Litig.
c/o A.B. Data, Ltd.
P.O. Box 173053
Milwaukee, WI 53217

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re XL Fleet Corp. Sec. Litig.*, Case No. 1:21-cv-02002-JLR (S.D.N.Y.) Scan QR Code for detailed notice regarding this Class Action.

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTION SETTLEMENT. PLEASE VISIT* WWW.XLFLEETSECURITIES *SETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against XL Fleet Corp. ("XL Fleet"; n/k/a Spruce Power Holding Corporation) and certain executives and directors of XL Fleet (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet or Pivotal Investment Corporation II ("Pivotal"), publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options (collectively, "XL Fleet Securities"), between September 18, 2020 and March 31, 2021, inclusive, and been allegedly damaged thereby.

Defendants have agreed to pay a Settlement Amount of $19,500,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.XLFleetSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size, and timing of your transactions in XL Fleet Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.41 per eligible security before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.XLFleetSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator (877-829-2940). **Claim Forms must be postmarked or submitted online by _____**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants or Defendants' Releasees about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement, a request by the lawyers representing the Settlement Class for up to $33^{1}/_{3}\%$ of the Settlement Fund in attorneys' fees, plus actual expenses up to $621,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an aggregate amount not to exceed $105,000. Estimates of the average cost per affected XL Fleet Security, if the Court approves Lead Counsel's fee and expense application, is $0.15 per eligible security. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-829-2940) or visit the website www.XLFleetSecuritiesSettlement.com and read the detailed Notice.