O1G5xlfC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In Re:  XL FLEET CORP
SECURITIES LITIGATION,

                              21 Civ. 2002 (JLR)

------------------------------x

                              January 16, 2024
                              9:10 a.m.

Before:

              HON. JENNIFER L. ROCHON,

                              U.S. District Judge

O1G5xlfC

APPEARANCES



GLANCY PRONGAY & MURRAY LLP
     Attorneys for Plaintiffs
BY:  GREGORY B. LINKH
     JOSEPH COHEN


TROUTMAN PEPPER HAMILTON SANDERS LLP
     Attorneys for Defendants XL Fleet and Piern
BY:  JAY A. DUBOW
     ERICA H. DRESSLER


WILLKIE, FARR & GALLAGHER, LLP
     Attorneys for Defendants Ledecky, Griffin & Brady
BY:  MATTHEW S. FREIMUTH


McDERMOTT WILL & EMERY, LLP
     Attorneys for Defendants Kazarinoff
BY:  CAITLYN M. CAMPBELL


ROPES & GRAY, LLP
     Attorneys for Defendant Hynes
BY:  ETHAN M. WEINBERG

O1G5xlfC

(Case called)

THE DEPUTY CLERK:  Counsel, please state your name for the record.

MR. LINKH:  By name is Greg Linkh from Glancey, Prongay & Murray for plaintiffs.  I am here with my partner Joe Cohen.

THE COURT:  Good morning.  Please press the button so that the light is bright green when you speak next.  Thank you.

For defense?

MR. DUBOW:  Good morning, your Honor.  Jay Dubow from Troutman, Pepper.  I am here with my colleague Erica Dressler.  We are here on behalf of defendants XL Fleet Corp, now known as Spruce Power Holding, as well as individual Brian Piern.

MS. DRESSLER:  Good morning, your Honor.

THE COURT:  Good morning.

MR. FREIMUTH:  Good morning, your Honor.  Matthew Freimuth, from Willkie Farr, on behalf of the defendants, Ledecky, Griffin and Brady.

THE COURT:  Good morning.

MS. CAMPBELL:  Good morning, your Honor.  Caitlyn Campbell, McDermott Will & Emery.  I am here on behalf of defendant Dimitri Kazarinoff.

THE COURT:  Good morning, everyone.  I hope you didn't have too much of a difficult time getting through security this morning.  There is a lot going on here today.

O1G5xlfC

We are here for a preliminary approval.  Also, before I start I want to thank you for the rescheduling of this conference.  I had a conflict last week that I couldn't avoid and so I appreciate your flexibility in moving it to this morning so thank you very much.

We are here for a preliminary approval of the settlement, and I have some questions so let me go through those.  Before I do, if there is anything that you would like to present, Mr. Linkh or Mr. Cohen, with respect to the settlement, I am happy to hear it.

MR. COHEN:  No, your Honor.  We are happy to answer any questions you have and rest on the papers.

THE COURT:  Could you stand, please?

MR. COHEN:  I'm sorry.

We are happy to answer any questions and rest on our papers.  I think we covered everything there.

THE COURT:  Thank you.

MR. COHEN:  You're welcome.

THE COURT:  Yes, your papers were very good, including I thank you for sending in supplemental briefing on January 5, 2024, which I considered that addressed the *Moses* decision of the Second Circuit.  And so I understand that you have augmented your position a bit based on that case and I assume that you will work that into your final briefing when you submit your final briefing for the settlement.

O1G5xlfC

One question I had is the settlement notice at ECF no. 182-1 at 67, says the expenses are in an amount not to exceed $726,000, and then the postcard at ECF no. 182-1 at 116 says expenses up to $621,000.

So, can you reconcile that for me, please?

MR. COHEN:  I'm sorry, your Honor.

THE COURT:  Take your time.  I am going to pull it up as well.

MR. COHEN:  So, your Honor, in the postcard notice WHAT we have done is we have broken it down into the 621 which are litigation expenses, and the 105 is what we might seek in plaintiff awards under the PSLRA.  If you combine those, as we did in the long-form notice, paragraph 5, that's how you get the 726.

THE COURT:  Well, then looking at 182-1, ECF 182-1 at page 67, which is the settlement notice, I see paragraph 5 says 726.

MR. COHEN:  Which may include the 105.

THE COURT:  Got it.

MR. COHEN:  And then we break it down in the postcard notice to say actual expenses up to 621 and reimbursement of plaintiff's costs and expenses in an aggregate amount not to exceed 105.

THE COURT:  Thank you.  That's helpful.

Do the expenses, the 621, do those include the

O1G5xlfC

administrative costs for notice processing and administration by AB Data?

MR. COHEN:  They do not.

THE COURT:  They do not.

Do you have an estimate for those costs?

MR. COHEN:  I do.  So just so you know, we put this out to bid to three separate claims administrators, we accepted the lowest bid.  Those were based on estimates that we came up with as to what we feel would be the number of notices that are sent, the number of notices or the number of claims that are filed, and the number of valid claims, and based on that they gave us an estimate of between $273,000 and $293,000, exclusive of brokerage fees.

THE COURT:  And in other settlements that I have seen and approved, that amount, the administration costs, have been relayed to the potential class members in the notice and the postcard and elsewhere.  Are they not disclosed here?

MR. COHEN:  They are not because this is a best guess. We really don't know what they're going to be just because we don't know how many shareholders there are, how many claims there is going to be.  We are happy to put it in the long-form notice.  I would suggest not putting it in a postcard notice because it already has a lot of information in a small space. I will, of course, if you want me to do that.

THE COURT:  Yes, I would like it in at least the

O1G5xlfC

long-form notice, if you can do that.

MR. COHEN:  Sure.

THE COURT:  It is not an insignificant amount so I would like the class members to have notice of that amount so you will add that to the long-form notice, please.

MR. COHEN:  Yes.

THE COURT:  Then they'll know how much is potentially left in the common funds.

The other item that I wanted to discuss is Rule 11. As you know, the PSLRA requires parties that settle claims to ensure that final approval order includes, quote, specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) as to any complaint, responsive pleading, or dispositive motion. So, in order for me to do that I'm going to need declarations from the parties attesting that they're not aware of any facts or circumstances giving rise to any violation of Rule 11 related to any aspect of this action.

Do we have those on file yet?

MR. COHEN:  What we have is the stipulation where the parties agreed to that.

THE COURT:  Can you show me where in the stipulation, please?

MR. COHEN:  Sure.

THE COURT:  Just give me the ECF no. too, if you

O1G5xlfC

would.

MR. COHEN:  It is ECF 182-1, page 36, paragraph 40.

THE COURT:  One moment?  OK.

Then my next question is if I set down a settlement hearing for April 30th, will that work, at 10:00 a.m., for the parties?  And I think it works under the timing requested here.

MR. COHEN:  It works for plaintiffs, your Honor.

THE COURT:  Thank you.

Any issue with any defendants?

MR. DUBOW:  No, your Honor.  That works.

THE COURT:  Thank you.  Hearing no issue, that's fine.

Would any defendant like to speak on the preliminary approval motion?

MR. DUBOW:  No, your Honor.  We think it was well done and no objections of any kind.

THE COURT:  Thank you.

MR. FREIMUTH:  Same, your Honor.

MS. CAMPBELL:  Same.

THE COURT:  Thank you.

And who has joined us?  Mr. Weinberg?

MR. WEINBERG:  Yes, on behalf of defendant Hynes.

THE COURT:  Defendant Hynes.  Thank you very much.

MR. WEINBERG:  Sincere apologies for being late.  The weather is quite nasty out there.

THE COURT:  The weather and security have combined to

O1G5xlfC

create some obstacles, I understand.  I am going to preliminarily approve the settlement and I will enter the notice, with the augmentation to the long-form notice to include those estimates of the administrative costs.  I will put it down for April 30th.

Then the next question I have is how is this going to influence the Boyce case?  And I am going to hear from them later this afternoon, but I'm looking at the stay and temporary injunction in paragraph 22 that is going to be part of this order and I'm sure there is going to be discussions about whether and how that applies to that other action, if it does at all.

But can I hear from defense counsel, Mr. Dubow, with respect to that?

MR. DUBOW:  Sure.  Yes, your Honor.

In terms of that case, it is a different type of case that is being excluded from the release here.  So there is other issues with that case which we will discuss when we see you later today but this settlement doesn't have an impact.

THE COURT:  So they are, because it is a derivative action it is excluded from here, they're not going to be a class member, they don't need to opt out, there is nothing that needs to be done with respect to that.

MR. DUBOW:  That's correct, your Honor.

THE COURT:  Thank you.  That's helpful.  Thank you.

O1G5xlfC

So, what I would ask is that, Mr. Cohen, you would submit a revised notice that has that language regarding the administrative cost, then I can enter the order that has been presented to me with attached Exhibits 1, 2, 3, 4 of the notice, claim form, summary notice, and postcard notice, but I will have the revised version so that I can attach it as the exhibit.

Yes?

MR. COHEN:  Would you like me to submit the entire preliminary approval order with the new exhibits?  Is that easier, as well as a redline or blackline, of what I have changed?

THE COURT:  Yes.  If you do that then, if you could add to the preliminary order the following because I edited on mine.  It is in the whereas clauses, if you would just please reflect whereas the Court held a hearing on January 16, 2024, and considered additional information provided therein.  And then if you can also add then the date April 30th, then we will have a complete order, as well as the exhibits, and you will give me a redline of how you have changed the notice as well.

Will that work, Mr. Cohen?

MR. COHEN:  Yes.  Thank you.

THE COURT:  Thank you.

All right.  If you send that in sometime today I can get it entered so that we can get it moving.  If not, we will

O1G5xlfC

enter it tomorrow, and I think that still should work for the April 30th date, to make sure you have the requisite amount of time.

MR. COHEN:  Yes.  I will be traveling today.  I will get it to you tomorrow.

THE COURT:  That's fine.  That's fine.

Anything further from you, Mr. Cohen or Mr. Linkh?

MR. COHEN:  Nothing from plaintiffs.

MR. LINKH:  No.

THE COURT:  Thank you.

Anything further from any defense counsel?

MR. DUBOW:  Not from us, your Honor.

MR. FREIMUTH:  No, your Honor.

MS. CAMPBELL:  No.

MR. WEINBERG:  No.

THE COURT:  I see shaking heads no for all defense counsel.

So I think that is everything that we need.  Again, I would encourage you, plaintiffs, in your final papers when you do your final briefing, to include your consideration of the Moses case as part of that, not only in terms of the presumption of fairness issue that's been changed a bit, but also to make sure that we examine, and I will examine the fairness of the attorneys fees in connection with the settlement overall.  OK.

O1G5xlfC

Well, thank you very much.  I will enter that order when we have it.  Court is adjourned.  Take care.

o0o

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300