**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE XL FLEET CORP. SECURITIES LITIGATION | Case No.: 1:21-cv-02002-JLR |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED**
**<u>MOTION FOR CLASS DISTRIBUTION ORDER</u>**

**TABLE OF CONTENTS**

I.      BACKGROUND ............................................................................................................. 1

II.     CLAIMS ADMINISTRATION ..................................................................................... 3

III.    LATE BUT OTHERWISE ELIGIBLE CLAIMS ......................................................... 5

IV.     DISTRIBUTION OF NET SETTLEMENT FUND ....................................................... 7

V.      RELEASE OF CLAIMS ................................................................................................. 8

VI.     THE COURT SHOULD APPROVE PAYMENT OF ADMINISTRATION-RELATED
        FEES AND EXPENSES ............................................................................................... 10

VII.    RECORDS RETENTION AND DESTRUCTION ....................................................... 10

VIII.   CONCLUSION ............................................................................................................. 10

i

# TABLE OF AUTHORITIES

## CASES

*Hartman v. Powell*,
2001 WL 410461 (D.C. Cir. Mar. 15, 2001) ................................................................. 6

*In re "Agent Orange" Prod. L*iab. Litig.,
689 F. Supp. 1250 (E.D.N.Y. 1988) .......................................................................... 6

*In re Citigroup Inc. Sec. Litig.*,
2014 WL 7399039 (S.D.N.Y. Dec. 29, 2014) .............................................................. 6

*In re Eletrobras Sec. Litig.*,
467 F.Supp.3d 149 (S.D.N.Y. 2020)...................................................................... 6, 9

*In re Gypsum Antitrust Cases*,
565 F.2d 1123 (9th Cir. 1977) ............................................................................... 5, 6

*In re Loop Industries, Inc. Sec. Litig.*,
2023 WL 6458976 (S.D.N.Y. Oct. 4, 2023)................................................................. 8

*In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*,
2010 WL 11595033 (S.D.N.Y. Dec. 23, 2010) ............................................................ 9

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
246 F.3d 315 (3d Cir. 2001)................................................................................... 5

*In re Patriot Nat'l, Inc. Sec. Litig.*,
2021 WL 1040462 (S.D.N.Y. Mar. 18, 2021) ............................................................. 9

*In re Qudian Inc. Sec. Litig.*,
2022 WL 633863 (S.D.N.Y. Mar. 4, 2022) ................................................................ 9

*In re Stable Road Acquisition Corp. Sec. Litig.*,
2025 WL 924928 (C.D. Cal. Mar. 24, 2025)...................................................... 5, 6, 8

*In re Toyota Motor Corp. Sec. Litig.*,
2014 WL 12586787 (C.D. Cal. Aug. 4, 2014)............................................................. 6

*Stein v. Eagle Bancorp, Inc.*,
2022 WL 4245185 (S.D.N.Y. Sept. 15, 2022)............................................................. 9

*Wilson v. LSB Indus., Inc.*,
2020 WL 5628039 (S.D.N.Y. Sept. 21, 2020)............................................................. 9

Court-appointed Lead Plaintiff Delton Rowe, and additional named plaintiffs Jeffrey Suh, Carl Enslin, Simone Heridis, and Soraya Heridis (née Matamoros) (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their unopposed motion ("Motion") for entry of the Proposed Class Distribution Order ("Class Distribution Order") in the above-captioned action (the "Action").[1]  If entered by the Court, the Class Distribution Order will, among other things: (i) approve the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action; (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court; and (iii) approve the Claims Administrator's fees and expenses incurred in connection with the Action.  The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Walter Declaration.  *See* Walter Decl. ¶¶40(a)-(f).

## I.    BACKGROUND

On December 6, 2023, the Parties entered into the Stipulation, the terms of which established a $19,500,000 Settlement Fund for the benefit of the Settlement Class, consisting of all persons and entities that purchased or otherwise acquired the publicly traded common stock, units, and/or warrants of XL Fleet Corp. ("XL Fleet") or Pivotal Investment Corporation II ("Pivotal"), purchased or otherwise acquired publicly traded XL Fleet or Pivotal call options, and/or wrote publicly traded XL Fleet or Pivotal put options, between September 18, 2020, and March 31, 2021, both dates inclusive ("Settlement Class Period"), and were damaged thereby.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 6, 2023 ("Stipulation"; ECF No. 182-1), or the concurrently filed Declaration of Adam D. Walter in Support of Plaintiffs' Unopposed Motion for Class Distribution Order ("Walter Decl." or "Walter Declaration"), submitted on behalf of the Court-approved Claims Administrator, A.B. Data, Ltd. ("Claims Administrator").

Excluded from the Settlement Class were: (a) persons who suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer, and/or director of XL Fleet or Pivotal during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of XL Fleet and Pivotal; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.  Also excluded from the Settlement Class were any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  *See* ECF No. 182-1.

The Court granted preliminary approval of the Settlement on January 18, 2024.  ECF No. 191 (the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, a total of 248,786 potential Settlement Class Members and nominees were either mailed a Postcard Notice or sent an email containing a link to: (a) the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); and (b) the Proof of Claim and Release Form.  *See* Walter Decl. ¶5.  Moreover, the Claims Administrator published the Summary Notice in *Investor's Business Daily*, transmitted the Summary Notice over *PR Newswire* (a national newswire service), established a case-specific website dedicated to the Settlement (www.XLFleetSecuritiesSettlement.com), and set up a toll-free telephone helpline.  *See* Walter Decl. ¶3.  The Notice and the Settlement Website provided Settlement Class Members with information about the Settlement, including the deadlines for

requesting exclusion, objecting, and filing Claims.  The Settlement Website also provided Settlement Class Members with access to downloadable documents relevant to the Settlement, such as the Stipulation, Notice, and Claim Form.

On April 30, 2024, the Court entered an order granting final approval of the Settlement as fair, reasonable, and adequate.  ECF No. 199.  That same day, the Court entered an order approving the Plan of Allocation, which was explained in the Notice, as providing a fair and equitable basis upon which to allocate the proceeds of the Net Settlement Fund.  ECF No. 200.

Lead Counsel now request that the Court authorize distribution of the Net Settlement Fund (after payment of the Claims Administrator expenses as discussed below, and payment of, or reserve for, Taxes and escrow fees) to Authorized Claimants.

## II.    CLAIMS ADMINISTRATION

Pursuant to the Court-approved Notice, all Settlement Class Members wishing to participate in the Settlement were required to submit Claim Forms online or by mail, postmarked or received no later than June 14, 2024.  *See* ECF No. 196-1, Ex. A (Postcard Notice).  The Claims Administrator received and reviewed all submitted Claims and, to the extent that a Claim was deficient in any regard, the Claims Administrator notified the Claimant of the deficiency and advised the Claimant as to possible ways to cure the deficiency.  Walter Decl. ¶¶19-26.

Of the 60,580 Claims submitted to and fully processed by the Claims Administrator, 130 were paper submissions, and 3,712 were online submissions through the online filing portal on the Settlement Website.  Walter Decl. ¶9.  The remaining 56,738 Claims were Electronic Claims filed by E-Claim Filers, who are typically banks, brokers, nominees, and other third-party filers that file Claims on behalf of numerous Claimants.  *Id*. ¶¶9, 13.  Because E-Claim Filers submit a high volume of Claims on behalf of multiple Claimants, the Claims Administrator provides E-Claim

Filers with the opportunity to submit a master claim form and mail a computer disc or submit an electronic file containing all the transactions of the Claimants on whose behalf the E-Claim Filer is submitting a Claim—rather than providing large volumes of paper documentation. *Id.* ¶13. This process is designed to expedite the claims process.

If a paper or online Claim was deficient or defective, the Claims Administrator sent a letter to the Claimant, a sample of which is attached as Exhibit A to the Walter Declaration. Walter Decl. ¶¶19-20; Ex. A. The letter advised the Claimant that he, she, or it had twenty (20) days from the date of the letter to submit additional information and/or documentary evidence to cure the Claim, otherwise the Claims Administrator would recommend the Claim for rejection. *Id.* ¶20. Of the 3,842 paper and online Claims, the Claims Administrator sent deficiency letters for 2,974 Claims (or approximately 77%). *Id.* ¶¶19-20. If an Electronic Claim was deficient or defective, the Claims Administrator sent an email to each E-Claim Filer with an attached spreadsheet containing detailed information associated with the accounts and indicating which of those accounts within the filing were deficient and/or rejected, samples of which are attached as Exhibits B and C to the Walter Declaration respectively. *Id.* ¶¶22-25; Exs. B & C. Of the 56,738 Electronic Claims, 52,864 (or approximately 93%) were incomplete or deficient and were filed by a total of 131 E-Claim filers. *Id.* ¶22. The Claims Administrator worked diligently with Claimants to resolve deficiencies where possible, and, as a result of this process, a number of Claimants with initially deficient Claims are now eligible to participate in the Settlement.

Ultimately, as detailed in the Walter Declaration, after the deficiency process was complete, the Claims Administrator determined that 6,419 Claims are acceptable and should receive a distribution. Walter Decl. ¶¶35-36. This number includes 3,623 timely and valid claims, and 2,796 Late But Otherwise Eligible Claims (addressed in Section III below). *Id*. The Claims

Administrator also determined that 54,161 Claims are not eligible and should be rejected for the following reasons: (i) 43,929 Claims did not result in a Recognized Claim under the Court-approved Plan of Allocation; (ii) 9,910 Claims had no eligible transactions in XL Fleet Securities; (iii) 104 Claims were duplicates; (iv) 30 Claims were replaced; and (v) 188 Claims were withdrawn. *Id.* ¶¶37, 38(c); Ex. G.

III.    **LATE BUT OTHERWISE ELIGIBLE CLAIMS**

The Claims Administrator continued to receive Claims after the June 14, 2024 claim filing deadline. Walter Decl. ¶¶29, 36. "There must, however, be a final cut-off date after which no more Claims may be accepted so that a proportional distribution of the Net Settlement Fund may take place." *In re Stable Road Acquisition Corp. Sec. Litig.*, 2025 WL 924928, at *3 (C.D. Cal. Mar. 24, 2025) (citing *In re Gypsum Antitrust Cases,* 565 F.2d 1123, 1127 (9th Cir. 1977) ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'")); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 329 (3d Cir. 2001). Acceptance of additional Claims received during the finalization of the administration process and the preparation of this Motion would necessarily require a delay in the distribution. Accordingly, the Claims Administrator imposed a cut-off date of June 27, 2025—approximately one year after the Court-imposed June 14, 2024 deadline. Walter Decl. ¶¶30, 36, 40(e).

Of the 60,580 Claims submitted, 12,304 Claims were received or postmarked after the initial June 14, 2024 deadline, but before the Claims Administrator's imposed cut-off of June 27, 2025. Walter Decl. ¶29. Of these 12,304 Claims, 2,796 are late but otherwise eligible ("Late But Otherwise Eligible Claims"). *Id.* ¶¶29, 36, 38(b); Ex. F. These 2,796 Late But Otherwise Eligible Claims have been recommended for payment. *Id.* Lead Counsel and the Claims Administrator

5

believe that when the equities are balanced, it would be unfair to prevent an otherwise valid Claim from participating in the distribution of the Net Settlement Fund solely because it was submitted after the deadline to submit a Claim Form, but while the Claims were still being processed. *See In re Gypsum*, 565 F.2d at 1128 (district court has discretion to grant late claims); *In re Eletrobras Sec. Litig.*, 467 F.Supp.3d 149, 150 (S.D.N.Y. 2020) (accepting "late but otherwise valid Proofs of Claim"); *In re Stable Road*, 2025 WL 924928, at *3 (accepting "Late but Otherwise Eligible Claims"); *In re Toyota Motor Corp. Sec. Litig.*, 2014 WL 12586787, at *1 (C.D. Cal. Aug. 4, 2014) (same); *see also In re "Agent Orange" Prod. Liab. Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"). Accordingly, it is respectfully requested that this Court approve Lead Counsel's recommendation and permit the Claims Administrator to include the Late But Otherwise Eligible Claims in the Distribution Plan. *See* Walter Decl. ¶¶36, 38(b); Ex. F.

Additionally, it is respectfully requested that the Court enter an Order directing that no Claims or responses to deficiency letters received after June 27, 2025, be included in the distribution. "Drawing a line is essential to achieve certainty and finality in such a large class action." *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001); *see also In re Citigroup Inc. Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) (quoting *In re Gypsum*, 565 F.2d at 1127).

6

## IV.    DISTRIBUTION OF NET SETTLEMENT FUND

Consistent with the terms of the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution").  *See* Walter Decl. ¶¶40(a)(i)-(iv).  Based on the substantial experience of Lead Counsel in similar distributions, it is anticipated that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly.  To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to uncashed checks, Lead Counsel propose that all the distribution checks bear a notation "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION."  *Id*. ¶40(a)(v).

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution.  However, if after nine months any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a second distribution (the "Second Distribution") if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so.  Walter Decl. ¶40(b).  During the Second Distribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution, after payment of Notice and Administration Expenses (including the estimated costs of such Second Distribution), Taxes, and any escrow fees, will be redistributed to all Authorized Claimants who participated in the Initial Distribution who cashed their distribution checks and would receive at least $10.00 from the Second Distribution.  *Id*.  Following the Second Distribution, additional redistributions will occur following the same process of the Second

7

Distribution until no funds remain in the Net Settlement Fund or until Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions are no longer economically feasible.  *Id.* ¶40(c).

Finally, if any funds remain in the Net Settlement Fund after payment of any further Notice and Administration Costs and Taxes, the remaining balance shall be contributed to "the Public Justice Foundation, a non-sectarian, not-for-profit organization dedicated to, among other things, investor education and advocacy."  *In re Stable Road*, 2025 WL 924928, at *4; *In re Loop Industries, Inc. Sec. Litig.*, 2023 WL 6458976, at *2 (S.D.N.Y. Oct. 4, 2023) (same); *see also* Walter Decl., ¶40(d); Declaration of Sharon M. McGowan of the Public Justice Foundation ¶¶2-12 (listing securities cases in which the Public Justice Foundation received court approval as the *cy pres* beneficiary).  The proposed Class Distribution Order filed concurrently herewith confirms the Settlement's provisions for such redistribution of any residue of the Net Settlement Fund.

## V.    RELEASE OF CLAIMS

To permit the full and final distribution of the Net Settlement Fund, it is necessary to bar an further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in reviewing, verifying, calculating, tabulating, or otherwise processing the submitted Claims, or in administering or handling the taxation of the Settlement Fund or Net Settlement Fund, shall be released and discharged from any and all claims arising from such involvement.  Accordingly, Plaintiffs respectfully request that the Court: (a) release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of that involvement; and (b) bar all Settlement

8

Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of the Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and the Class Distribution Order.

Courts have repeatedly approved similar provisions in connection with the distribution of settlement proceeds. *See, e.g., Wilson v. LSB Indus., Inc*., 2020 WL 5628039, at *2 (S.D.N.Y. Sept. 21, 2020) ("All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order."); *In re Qudian Inc. Sec. Litig.*, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022) (approving substantially similar language in order authorizing distribution of settlement proceeds); *Stein v. Eagle Bancorp, Inc.*, 2022 WL 4245185, at *2 (S.D.N.Y. Sept. 15, 2022) (same); *In re Eletrobras Sec. Litig.*, 467 F. Supp. 3d 149, 151 (S.D.N.Y. 2020) (same); *In re Patriot Nat'l, Inc. Sec. Litig.*, 2021 WL 1040462, at *2 (S.D.N.Y. Mar. 18, 2021) (same); *In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*, 2010 WL 11595033, at *2 (S.D.N.Y. Dec. 23, 2010) (same).

## VI.    THE COURT SHOULD APPROVE PAYMENT OF ADMINISTRATION-RELATED FEES AND EXPENSES

The cost of the administration for this project up to the Initial Distribution is $259,886.81. Walter Decl. ¶39.  To date, the Claims Administrator has received payment of $243,979.01.  *Id.* The estimate to conduct the Initial Distribution is $22,766.64.  *Id.*; Ex. H.  Therefore, Lead Counsel respectfully requests that the Court authorize payment to the Claims Administrator from the Settlement Fund of $38,674.44, consisting of $15,907.80 for fees and expenses already accrued, and $22,766.64 in anticipation of the work to be performed during the Initial Distribution.[2]  *Id.*

## VII.    RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully request the Court order that: (i) no earlier than one (1) year after the Second Distribution of the Net Settlement Fund, if that occurs, or, if there is no Second Distribution, two years after the Initial Distribution, the Claims Administrator may destroy the paper copies of the Claims and all supporting documentation; and (ii) no earlier than one (1) year after all funds have been distributed, the Claims Administrator may destroy the electronic copies of the Claims and all supporting documentation.  *Id.* ¶40(f).

## VIII.    CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that the Motion be granted.

Dated: August 8, 2025

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
glinkh@glancylaw.com

-and-

---

[2] If the anticipated fees and expenses to conduct the Initial Distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund.

Joseph D. Cohen (*admitted pro hac vice*)
Garth Spencer (GS-7623)
Christopher Fallon (*admitted pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

*Lead Counsel for Lead Plaintiff Delton Rowe, additional plaintiffs Jeffrey Suh, Carl Enslin, Simone Heridis, and Soraya Heridis, and the Settlement Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Lead Plaintiff Delton Rowe, additional plaintiffs Jeffrey Suh, Carl Enslin, Simone Heridis, and Soraya Heridis, and the Settlement Class*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was electronically filed with the Clerk of

Court via the CM/ECF system, which will send Notice of such filing to all counsel of record.

Dated: August 8, 2025                    */s/ Gregory B. Linkh*
                                         Gregory B. Linkh

12